CANTWELL v. PACIFIC EXPRESS CO.

Opinion delivered February 17, 1894.

1. *Carrier—Right of shipper to sue.*
   A person in whose name a bill of lading is taken for the benefit of himself and others may sue the carrier for breach of the contract of carriage.

2. *Express company's contract of carriage—When broken.*
   If an express company agreed to ship perishable goods by a certain train, and failed to do so, but shipped by a later train, and the goods were lost because of the delay, the company is liable.

Appeal from Clay Circuit Court, Eastern District.

JAMES E. RIDDICK, Judge.

STATEMENT BY THE COURT.

This suit was to recover the sum of $10.00, the value of what appellant designates "a venison saddle," which was received by appellee company for transportation to St. Louis, Mo., and which appellant claims was lost through the negligence of the express company in not shipping as per contract.

The appellant exhibits the receipt of the express company which reads . "Received from R. H. Cantwell the following articles which we undertake to forward, etc." The venison was delivered to the express agent by one Dollins who says he had a one-third interest in it. The receipt, however, was made out in the name of Cantwell alone, and Dollins says he delivered receipt to Cantwell. He expected Cantwell to give him a part of the proceeds. The venison was delivered to the agent in the afternoon of the 26th of October, upon promise that he would ship the same that night on the 10 o'clock train. The train upon which the agent expected to ship was the regular mail, and rarely failed to stop at the station. On this occasion, however, it did not stop, and they were not permitted to flag it for the purpose of

shipping express matter. It was flagged that night, but did not stop. Appellant testified that the venison was in excellent condition, properly packed, etc., for transportation, when appellee received it. Appellee shipped on the first train going north, which was next morning. According to the proof, appellant was to bear the loss if the venison was not sold by consignee before it spoiled. Appellant states that, had the venison been shipped at night, as per contract, the same would have reached consignee and been sold before it spoiled. His consignee at St. Louis states that had the venison been in good condition when received by the express company, it would not have spoiled before its delivery to him. It was full of worms and worthless when he received it. Appellant admits that others were interested with him in the venison.

The court, at the request of appellee, and over objections of appellant, instructed the jury as follows:

. "1. Before you can find for the plaintiff in this suit, you must find from the evidence that, had the venison been forwarded on the first train, it would have been in good condition upon its arrival at its destination, that it would have been sold before spoiling, and that the plaintiff would have suffered no loss—and the proof on this point must be clear; and if you do not so find, your verdict will be for the defendant.

"2. If the defendant forwarded the venison on the first regular train for carrying express matter from the station at which it was offered, and delivered it in reasonable time at its destination, then you will find for defendant.

"3. You are instructed that defendant is bound to receive and forward to its destination, in a reasonable time, all freight tendered it for that purpose; that what is a reasonable time within which goods should be forwarded depends upon the character of the article to be

forwarded, the season of the year, and the length of time such article would ordinarily keep; and if you find that the venison in controversy in this suit was forwarded within a reasonable time (within) which it could reasonably be expected to keep sound, then you will find for the defendant.

"4. If the jury find from the evidence that other parties than the plaintiff were part owners of the venison in controversy in this suit, you will find for the defendant."

The court, of its own motion, over the objection of the appellant, gave the following instruction:

"It was the duty of the agent of the express company to give to shippers correct information about trains upon which he was allowed to forward express matter; and, if the jury believe from the evidence that said agent, at the time the venison was brought to him for shipment, agreed with plaintiff that he would forward the same by the night train of the same day the venison was received, and by such promise induced plaintiff to deliver the venison to the defendant for shipment, and that he (the agent) did not ship on that train, but afterward, without further notice to the plaintiff, shipped on a train of the next day, several hours later than one by which he had agreed to forward the venison, and that, by this delay in shipment, the venison was spoiled and lost, they should find for the plaintiff."

The verdict of the jury was for the defendant. Plaintiff filed a motion for a new trial, which was overruled; exceptions saved, and appeal granted.

*F. G. Taylor* for appellant.

1. The instructions of the court are erroneous. Proof of delivery to a carrier and injury to them while in the carrier's hands makes a *prima facie* case. Suth. on Dam. p. 236.

2.    There is no proof to support the second and third instructions.

3.    Defects of parties must be pointed out by demurrer or answer ; and if no objection is taken by either, they are waived.    Mansf. Dig. secs. 5028, 5031 ; Pom. Rem. sec. 206.

*G. B. Oliver* for appellee.

1.    The instructions embody the law.    3 Suth. Damages, p. 235 ; Wood's Browne on Car. p. 181, sec. 104, etc.

2.    There was a defect of parties.    Mansf. Dig. sec. 4941 ; Bliss, Code Pl. secs. 61, 77 ; Pom. Rem. etc., secs. 221–2–3, 225.

1. Person in whose name contract is made may sue.

WOOD, J., (after stating the facts.)    The court erred in giving the fourth instruction.    The contract was made with appellant, as evidenced by the receipt to him, and he had the right to sue.    Mansf. Dig. sec. 4936 ; Pomeroy, Rem. & Remed. Rights, sec. 223.

2. When express company liable for delay.

In view of further proceedings, it is proper to say that the instruction given by the court upon its own motion correctly declared the law applicable to the facts, and instructions 1, 2 and 3 should not have been given.

For the errors indicated, the judgment is reversed, and cause remanded.