## JOHNSON *v.* ANKRUM.

Opinion delivered December 22, 1917.

BILLS AND NOTES—RENEWAL—THIRD PARTY AS PAYEE—CONSIDERATION.
—One A. held two notes executed by appellee, payable to her.
She gave them to appellant to collect, agreeing to give him 50
per cent. of the amount collected.. The notes being about to
become barred by limitations, appellee executed a new note for
the aggregate amount payable to appellant. *Held,* appellant
could maintain an action and enforce payment of the said new
note.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; reversed.

*S. S. Hargraves,* for appellant.

1. Plaintiff was the agent of Alice Stanford and had the right to sue. Kirby's Digest, § 6002; 76 Ark. 558; Mechem on Agency, § § 755, 763; Clark & Skyles on Agency, 1331, 1341; 80 Ark. 228.

2. There was sufficient consideration shown. 31 Ark. 222.

*F. F. Harrelson* and *Mann, Bussey & Mann,* for appellee.

Plaintiff had no right to sue. Alice Stanford should have been joined. There was no consideration for the notes and no valid contract between plaintiff and appellee. 2 Black on Judgm., § 534.

McCULLOCH, C. J. Appellant instituted this action against appellee before a justice of the peace to recover the amount of a promissory note in the sum of $160. There were no written pleadings, and the record does not disclose what defense was offered. The note sued on was one executed by appellee to appellant, and the note was introduced in evidence. Appellant testified in substance that the note was executed to him in satisfaction or in renewal of two notes formerly executed by appellee to one Alice Stanford, and that he (appellant) had the notes for collection. He testified that he had an agreement with Alice Stanford that he should have, as compensation for

his services, fifty per centum of the amount collected from appellee, that the notes were about to be barred by the statute of limitations, and that he took the new note from appellee in renewal of the old ones.

At the conclusion of appellant's own testimony, the court gave a peremptory instruction in favor of appellee on the ground that Alice Stanford was the real party in interest and that appellant had no right, according to his own testimony, to maintain the suit. Counsel for appellee say that the ruling of the court was correct, and that even if an unsound reason was given for the ruling, the judgment should not be reversed. They defend the ruling of the court on the ground that even though appellant had a right to maintain the action, the note being in his name, that the proof shows there was no consideration for it. It is clear that appellee had the right to maintain the action under the statute which provides that "a person with whom, or in whose name, a contract is made for the benefit of another, * * * may bring an action without joining with him the person for whose benefit it is prosecuted." Kirby's Digest, § 6002.

The note was introduced in evidence, and it made out appellant's case for recovery of the amount. It devolved upon appellee to show that the note was executed without any consideration. There was no effort to make such proof, and the testimony of appellant himself shows that there was a consideration in that this note was executed in renewal of two others. The fact that the other two notes were made payable to Alice Stanford does not defeat the consideration, for the testimony of appellant shows that he had an interest in the note himself to the extent of one-half, and that he was authorized by Alice Stanford to represent her in the collection of the former notes. There was no attempt to show that Alice Stanford had not given any such authority and no one else could complain.

It developed in the course of appellant's testimony that he had not actually surrendered possession of the old notes, but he was not asked to explain why he had not

done so. He testified positively, however, that this note was given in renewal of the old ones and that made out a sufficient consideration; but had it been shown that he refused to surrender the old notes, or that Alice Stanford had repudiated the transaction and was attempting to enforce payment of the old notes, then a case of failure of consideration would have been shown, but no such state of facts appears in the present record.

We are, therefore, of the opinion that the court erred in giving a peremptory instruction, and that on the contrary, in the state of the record now presented, judgment should have been rendered in appellant's favor on the note.

Reversed and remanded for a new trial.