NATIONAL SURETY COMPANY *v.* BERTIG BROTHERS.

Opinion delivered December 22, 1917.

GARNISHMENT—CLAIM OF EXEMPTION BY DEBTOR—EFFECT OF JUDGMENT
AGAINST GARNISHEE.—Judgment was rendered against a gar-
nishee fixing the funds of the debtor in his hands. *Held,* the
debtor may thereafter claim such funds as exempt, and when
such claim is allowed by the court, the garnishee may properly
pay over such funds to the said debtor.

Appeal from Greene Circuit Court, First Division;
*R. H. Dudley,* Judge; reversed.

*R. E. L. Johnson,* for appellant.

After judgment Pigue filed his schedule for exemp-
tion.  The exemption was allowed.  The funds were ex-
empt.   1 Bacon on Ben. Soc. 794; 131 Cal. 437; 61 N. W.
456; 63 *Id.* 627; 67 *Id.* 994; 143 Mass. 216; 43 Oh. St. 1;
76 Pac. 861; 65 Ark. 112.

*W. S. Luna* and *Jeff Bratton,* for appellee.

1.  Plaintiff had a valid judgment and the writ of
garnishment having been duly issued and saved, the com-
pany is liable.    89 Ark. 378; 98 *Id.* 144.

2. The fund was not exempt. Kirby's Digest, § § 4351-8. A lien was fixed by the garnishment, and no subsequent payment to defendant could destroy the said lien. 89 Ark. 378; 98 *Id.* 144. See also 117 Ark. 125; Kirby's Digest, § 4354.

STATEMENT OF FACTS.

The facts were as follows: The Supreme Forest Woodmen Circle is a fraternal benefit society organized under the laws of the State of Nebraska, and authorized to transact business in the State of Arkansas. W. C. Pigue was a beneficiary in one of its policies for $500, issued on the life of his wife. The National Surety Company was on the bond of the Forest Woodmen Circle (hereafter, for convenience, called circle) in the sum of $10,000. The bond was conditioned to protect the policy or certificate holders in the prompt payment of claims due from the circle.

Upon the death of Mrs. Pigue, and before any money was paid by the Circle to W. C. Pigue, Bertig Brothers, a partnership, obtained judgments against W. C. Pigue, amounting in the aggregate to the sum of $142.77, upon which judgments they caused a writ of garnishment to issue against the Circle, and obtained judgments against the Circle as garnishee by default for the amount of their judgments against Pigue. Notwithstanding this fact, the Circle paid over to W. C. Pigue the sum of $297, and Pigue scheduled the balance of $203 as a part of his exemptions, and that was paid to him under the order of the court.

Bertig Brothers instituted this suit against the appellant surety company, alleging a breach of the bond by the Circle in the payment of the money to the beneficiary without an order of the court, and seeking to hold the appellant liable for the total amount of their judgments against W. C. Pigue, amounting to the sum of $195.

The court below held as a matter of law that the service of the writ of garnishment fixed a lien in favor of the appellees upon the indebtedness of the garnishee to the

defendant; that the beneficiary was the absolute owner of the funds represented by the certificate, and being his funds, they were properly reached by the writ of garnishment, and that the payment of the money under the facts stated constituted a breach of the bond, for which the appellant was liable, and rendered judgment in favor of the appellees against the appellant for the amount of their claim, from which judgment this appeal comes. Other facts stated in the opinion.

WOOD, J., (after stating the facts). The undisputed evidence in the record is that after judgment was rendered by default against the Circle, as garnishee, adjudging that it had in its hands the sum of $500 that was due W. C. Pigue, Pigue filed a schedule before the clerk of the circuit court, claiming the amount thus adjudged in the hands of the garnishee as exempt. The schedule was allowed by the clerk, and the appellees here appealed from that allowance to the circuit court and the circuit court affirmed the action of the clerk, and no appeal was taken by Bertig Brothers from this judgment of the circuit court.

Thereafter, on the 5th of September, appellees filed this suit, alleging that the paying of the money by the Circle to W. C. Pigue was a breach of its bond. Passing by the other interesting questions, it is only necessary to consider this one, for it settles the issue in favor of the appellant.

The court declared the law to be that, "by the service of the writ of garnishment the plaintiff fixed a lien upon the indebtedness of the garnishee to the defendant, and no subsequent payment of the indebtedness to the defendant could destroy the lien or affect the right of the plaintiff." This was error.

In the case of *Blass* v. *Erber*, 65 Ark. 112, we held (quoting syllabus) : "Funds in the hands of a garnishee may be claimed as exempt by the debtor after judgment has been rendered against the garnishee fixing the funds

in his hands." Citing *Robinson* v. *Swearingen*, 55. Ark. 55.

These cases rule the present one. Appellees predicated their cause of action upon these facts, that the Circle disregarded the writs of garnishment, and without any order of the court out of which the garnishments issued paid to Pigue the sum of $500. They contend that by so doing the Circle breached its bond to the State of Arkansas, and that by reason of such breach the appellant, as the surety of the Circle, became liable. But since it was adjudged that the $500 was an exemption in favor of Pigue, the judgment debtor, under the schedule filed by him it was wholly immaterial, under the above authorities, so far as the rights of appellant are concerned, whether the money was paid by the Circle with or without the orders of the court. It was paid to the one entitled to it, and, according to the above cases, it could not be subjected to the payment of appellees' debt, and the court erred in holding to the contrary.

The judgment is therefore reversed and appellees' cause of action is dismissed.