ARKANSAS WESTERN RAILWAY COMPANY v. ROBSON.

Opinion delivered February 6, 1928.

CARRIERS—INSTRUCTION AS TO SAFE CARRIAGE OF CATTLE.—Where, under bills of lading, shippers were required to accompany their cattle in shipment, an instruction that the carrier was the insurer of the cattle to destination was erroneous, and in conflict with other instructions requiring the shippers to prove negligence.

Appeal from Scott Circuit Court; *J. Sam Wood,* Judge; reversed.

*James B. McDonough, Jr., Josephine R. Brown* and *James B. McDonough,* for appellant.

*A. F. Smith,* for appellee.

HUMPHREYS, J. This is the second appeal in this case. On the first appeal the facts were fully stated, and reference is made to that case for a statement of the facts in the instant case, as the facts were not materially different on a retrial of the cause. *Arkansas Western Ry. Co. v. Robson,* 171 Ark. 698, 285 S. W. 372.

The judgment was reversed and the cause was remanded for a new trial because the trial court erred in giving instruction No. 7 at the instance of appellees, which is as follows: "You are further instructed that the burden is upon the defendant company to prove by a preponderance of the evidence that the cattle were killed by their own inherent vices, weakness and natural propensities to injure each other, and not on account of the negligence or carelessness of the defendant company." The court, in reversing the judgment, said: "Under the provisions of the bills of lading and the admission by the appellees that they accompanied these

cattle in the shipment, the burden was upon the appellees to prove that the injury and damage sustained by the appellees resulted from the negligence of the appellant's servant."

In the instant case the court gave instruction No. 3, at the instance of appellees, which is as follows: "You are instructed that, when a railroad company contracts to receive cattle for transportation as a common carrier, and to safely carry and to deliver the cattle to the place of destination, by virtue of its responsibility it becomes an insurer of the cattle against all loss of every kind, except that caused by the act of God, of the public enemy, of public authority, of the shipper, or from the inherent nature of the cattle."

This instruction erroneously told the jury that, under the bills of lading, appellant was an insurer of the safe carriage of the cattle to their destination. This instruction was inherently wrong and in direct conflict with other instructions which the court gave, admonishing the jury that appellees must prove negligence on the part of appellant in order to recover damages for the cattle killed and injured. The latter instructions could not cure the inherent defect in the former instruction, No. 3, which was in conflict with them.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.