AMERICAN RAILWAY EXPRESS COMPANY *v.* COLE.

Opinion delivered April 6, 1931.

*Warner & Warner,* for appellant.

*D. H. Howell,* for appellee.

HUMPHREYS, J. Appellee brought this suit against appellant in the circuit court of Crawford County to recover damages to a car of strawberries in transit, shipped from Alma, Arkansas, to Youngstown, Ohio, through the alleged negligence of appellant in delay, failure to furnish a properly constructed and equipped refrigeration car, and failure to properly ice the car *en route.*

Appellant filed an answer denying each specific allegation of negligence and interposed the further defense that the damage to the berries resulted from field diseases inherent in the berries.

The cause was submitted to a jury upon the pleadings, testimony and instructions of the court, resulting in a verdict and consequent judgment of $500, from which is this appeal.

According to the undisputed testimony, the consignee, Bloom-Rosenblum-Klien Company, paid appellee one-half of the loss under agreement that if he recovered damages from appellant on his claim, he would pay the amount back to it; whereupon the consignee orally authorized appellee to sue appellant in his own name for the entire claim. Appellant thereupon moved the court to instruct the jury that in no event was appellee entitled to recover more than one-half of the actual damage, which motion was overruled over his objection and exception. Appellant contends that the court erred in allowing appellee to maintain the suit for the entire claim in his own name. The contract of shipment was made with appellee, and the bill of lading was issued to him. The consignee could not have maintained a suit against appellant for any part of the damages under its oral contract with appellee, for there was no privity of contract between the

consignee and appellant. The suit, in effect, is a suit for damages on account of a breach of the contract. This court said in the case of *Cantwell* v. *Pacific Express Co.*, 58 Ark. 487, 25 S. W. 503, that (syllabus No. 1): "A person in whose name a bill of lading is taken for the benefit of himself and others may sue the carrier for breach of the contract of carriage." This ruling was re-affirmed in the case of *Johnson* v. *Ankrum*, 131 Ark. 557, 199 S. W. 897. Appellant contends for a reversal of the judgment on the ground that the evidence introduced by appellee does not tend to show any negligence on its part. We cannot concur in this view. The testimony introduced by appellee shows that at the hour the berries were shipped on May 12, they were in good, merchantable condition, and, according to official inspection, were within tolerance of the United States No. 1 grade, and that they were loaded in a pre-cooled express refrigerator car; that on the morning of the 14th, two days thereafter, when they arrived in Cleveland, Ohio, the berries were in a deteriorated condition; that berries in the condition of these at the time of shipment, loaded in like manner, carried under correct refrigeration, and handled properly, would stand up five or six days; that the deterioration in the opinion of experts was caused by poor refrigeration and defective equipment; that, on account of their damaged condition, it was necessary to divert the car to Youngstown, Ohio, for sale, where they were disposed of at a sum below the contract price. Appellant argues that negligence was not shown because the witnesses of appellee who attributed the damage to poor refrigeration and defective equipment admitted that they had no technical knowledge of refrigeration or refrigerating cars. This argument is not sound, as the opinion of the witnesses was based upon long experience as shippers and not upon technical knowledge relative to refrigeration and refrigerating cars. They testified that, from long experience as shippers of perishable goods in refrigerating cars properly iced, they knew how long such

commodities should keep in properly equipped cars sufficiently iced and handled with reasonable care.

Appellant also argues that because its expert witnesses attributed the deterioration of the berries to field diseases, their testimony should and must be conclusive of the issue. Their testimony is contradictory to that adduced by appellee, but this does not necessarily settle that issue. The settlement of the question was for the jury, because it is within the exclusive province of juries to settle disputed questions of fact. There is ample evidence of a substantial nature to show that the damage to the berries resulted either from improper equipment or from a failure to ice the car as it should have been.

Appellant also contends for a reversal of the judgment because the court gave certain instructions at the request of appellee making it liable as an insurer for the damage to the berries. Several of the instructions so declared, and for that reason were erroneous, as the action was based upon specific allegations of negligence, and not on appellant's common-law liability as an insurer. *Railway Co. v. Robson*, 176 Ark. 182, 2 S. W. (2d) 3. Appellees argue that these instructions were cured by subsequent instructions limiting appellant's duty to ordinary care. The result of giving the instructions referred to was to create an irreconcilable conflict in the instructions and leave the jury without any proper or consistent guide.

Appellant also contends for a reversal of the judgment because the trial court incorrectly instructed the jury on the measure of damages. Appellant is correct in this contention. The true measure of damages was the difference between the contract price and the market price in their deteriorated condition at the time sold, and not the difference between the sale price and the market price had they been delivered in good condition.

On account of the errors indicated, the judgment is reversed, and the cause is remanded for a new trial.