### BISPHAM *v.* TURNER.

#### Opinion delivered June 17, 1907.

1. EVIDENCE—HEARSAY.—The ownership of money cannot be proved by rumor. (Page 333.)

2. APPEAL—HARMLESS ERROR.—The admission of incompetent evidence was not prejudicial where the facts which it tended to prove were established by other evidence that was competent and not disputed. (Page 333.)

3. WITNESSES—CROSS-EXAMINATION.—It is within the trial court's discretion to permit a witness to be cross-examined as to matters not brought out on direct examination. (Page 333.)

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; affirmed.

*Witt & Schoonover,* for appellant; *John B. McCaleb,* of counsel.

Where evidence is erroneously admitted, it is presumed to have been prejudicial unless the contrary is shown, and the

burden is on the party introducing it to show that no prejudice resulted.   4 Ark. 527; 69 Ark. 653; 77 Ark. 431.

*Henderson & Campbell* and *John T. Lomax,* for appellee.

Sejournant's testimony was competent, on the theory that ancestral estates, like pedigrees, can be proved by hearsay.   16 Cyc. 1224 b.   But, if it was incompetent, it related to an undisputed fact, and was not prejudicial.   66 Ark. 587; 77 Ark. 74; *Id.* 453; 78 Ark. 7; *Id.* 374.   Admission of incompetent evidence is not prejudicial if the facts toward which it was directed were otherwise proved by competent evidence.   58 Ark. 125; 74 Ark. 417; 73 Ark. 453; 68 Ark. 607; 58 Ark. 374; *Id.* 446; 7 Ark. 542; 9 Ark. 545; 76 Ark. 276.   A judgment which is right on the whole record will not be reversed although incompetent evidence was admitted, or improper instruction given.   44 Ark. 556; 19 Ark. 667; 43 Ark. 296; 46 Ark. 542; 10 Ark. 9; 23 Ark. 115; 33 Ark. 811; 18 S. W. 762; 17 S. W. 879; 55 Ark. 31; 51 Ark. 459.

HILL, C. J.   Appellee presented a claim against the estate of her deceased husband.   Allowance for $500 was made in the probate court, and she appealed to the circuit court, where a verdict was rendered in her favor for the sum of $3,166.66, and judgment entered thereupon.   The administrator appealed.

Appellant urges that the verdict is against the evidence, and that there is no competent evidence to support it.   It would serve no useful purpose to review the evidence in detail.   Suffice it to say that there were declarations of the deceased of use of his wife's money, evidence of bank deposits in Mrs. Turner's name, and the use of these deposits by Mr. Turner, and other competent testimony, tending to prove her allegations of indebtedness of her husband to her.   The verdict has substantial evidence to sustain it.

The only serious question is in regard to whether the admission of certain incompetent testimony should call for a reversal.   It was proved by Mr. Sejournant, an uncle of Mrs. Turner, that certain moneys were paid to her from her father's estate; in one instance a share in a verdict against a street-car company for causing the death of her father, and in the other a

share of life insurance money. Later, it was developed that he did not know of these facts of his own knowledge, and the court refused to direct that the testimony theretofore given be stricken out. Mr. Sejournant was asked and permitted to answer that it was generally understood at the time among the relatives that Mrs. Turner got money from her father's estate; and he was asked and permitted to testify that it was rumored that she had money.

Of course, this testimony was grossly incompetent. Appellee seeks to sustain it on the theory that in inquiries as to pedigree it is admissible to adduce hearsay testimony establishing family relationships, ownership of property, etc. Citing 16 Cyc. 1224, par. b. But this doctrine does not apply to the pedigree of money; and when the source of money is to be proved, it must be proved like any other fact, and not by hearsay evidence, as relationships may be proved.

The question resolves itself into whether this evidence was prejudicial. Appellant placed upon the stand one Sullivan, a brother of the appellee, who gave testimony in behalf of the appellant upon other matters; and upon cross-examination it was fully proved by him that he was present when the street-car company made settlement on account of the killing of his father; and that he and his brother renounced and waived their claim in favor of their sister, Mrs. Turner, who was then a minor, about fourteen years of age, and that the money was turned over to her guardian. Witness further testified that he was present when payment was made by the insurance company of the policy upon his father's life, and that money was paid to him and his brother, and the guardian of Mrs. Turner took charge of her part. This testimony was not disputed. Objection was made that this was not proper cross-examination. It was competent to be introduced as testimony in chief, and the witness became Mrs. Turner's for that purpose, and there was no error in permitting this.

That these facts were properly proved by a competent witness, whose testimony is not disputed on this issue, prevent it being prejudicial for the same facts to have been proved in an incompetent manner. If this was a disputed question, and the in-

competent testimony was let in to throw weight on one side or the other, necessarily it would call for a reversal.

Judgment is affirmed.