## H. ROUW COMPANY *v.* AMERICAN RAILWAY EXPRESS COMPANY.

### Opinion delivered March 14, 1927.

1. CARRIERS—PERISHABLE GOODS—LIABILITY.—In an action against an express company for damages to strawberries in transit, refusal of an instruction that, if the berries were in good condition when shipped, the law presumes that their damaged condition on arrival at destination was caused by defendant's negligence *held* not error, in view of evidence that the berries were inherently infirm and defective, though apparently in good condition when delivered to defendant.

2. TRIAL—REPETITION OF INSTRUCTIONS.—Refusal to give a requested instruction fully covered by another instruction that was given was not error.

3. CARRIERS—LIABILITY FOR PERISHABLE GOODS.—In an action against an express company for damages to strawberries *en route,* instruc-

tions to find for defendant if the damage resulted from decay, waste or deterioration in quality, due to their inherent nature or infirmity, or if they were in a defective condition when loaded in the car, *held* not erroneous or abstract, in view of expert testimony that inspection at the destination revealed evidence of disease which might have caused deterioration in transit.

4. APPEAL AND ERROR—INVITED ERROR.—Appellant cannot complain of an instruction submitting the same issue as an instruction requested by him.

5. APPEAL AND ERROR—SPECIFIC OBJECTION TO INSTRUCTION.—That instructions in an action against an express company for damages to strawberries *en route* were incomplete in not placing the burden on defendant to show that the berries were inherently defective was not prejudicial, where no specific objection thereto was taken.

6. APPEAL AND ERROR—ADMISSION OF EVIDENCE—HARMLESS ERROR.— The admission of incompetent evidence was harmless if the fact it tended to prove was otherwise established by competent evidence.

7. APPEAL AND ERROR—ADMISSION OF EVIDENCE—HARMLESS ERROR. —Where the real issue in a case was properly submitted the erroneous admission of testimony foreign to the issue was not prejudicial where it had no tendency to mislead the jury.

8. EVIDENCE—EXPERT TESTIMONY.—In an action against an express company for damage to strawberries by furnishing a defective refrigerator car, testimony of an expert witness that the car furnished was one of 50 constructed exactly alike so as to produce proper refrigeration was admissible to prove that the car was properly constructed, though the witness did not examine it.

9. EVIDENCE—EXPERT WITNESS—COMPETENCY.—In an action against an express company for damage to strawberries *en route* because of negligence because of failure to ice the car properly, a witness *held* qualified to testify as to sufficiency of the amount of ice furnished at various stations.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*C. M. Wofford,* for appellant.

*Warner, Hardin & Warner,* for appellee.

HUMPHREYS, J. Appellant instituted this suit against appellee on the 11th day of June, 1925, in the circuit court of Crawford County, to recover $1,280.87 damages on a car of strawberries delivered by it to appellee on May 6, 1925, at Hammond, La., for shipment to Longfellow

Brothers, in Minneapolis, Minnesota, occasioned through the alleged negligence of appellee in furnishing a defective refrigerating car in which to ship the berries, or one that did not properly refrigerate, and in failing to properly ice said car, and to re-ice same *en route.*

Appellee filed an answer, specifically denying each allegation of negligence contained in the complaint.

The cause was submitted to a jury upon the pleadings, testimony adduced by the respective parties, and instructions of the court, which resulted in a verdict in favor of appellee, and a consequent judgment dismissing appellant's complaint, from which is this appeal.

Appellant's first contention for a reversal of the judgment is that the trial court erred in not giving its requested instruction No. 3, to which it claimed it was entitled, on the theory that the undisputed evidence revealed that the berries were in good condition and would grade U. S. No. 1, when loaded and ready for shipment, and that a large part of them were over-ripe, moldy and decayed when they arrived in Minneapolis, Minnesota, although reaching their destination on schedule time. Appellant's requested instruction No. 3 is as follows

"3. You are instructed that, if you find from a preponderance of the evidence that the strawberries, at the time they were received by the defendant, were in a good, sound, merchantable condition, and that, upon their arrival in Minneapolis, Minn., they were found to be in a damaged condition, then the law presumes that the damaged condition was caused by the negligence of the defendant carrier, and the burden is upon the defendant to show by a preponderance of the evidence that such damaged condition was not the result of any negligence on its part."

We cannot agree with appellant that the undisputed testimony showed that the berries were in good condition at the time they were loaded and delivered to appellee. The most that can be said is that they were apparently

in good condition, for there is much testimony in the record tending to show that they were inherently infirm and defective; but, even if they were in good condition at that time, it was not reversible error to refuse to give instruction No. 3, for instruction No. 2 tells the jury that, if they found the berries were delivered to appellee in good condition and that, upon arrival at their destination they were in bad condition, appellant made a *prima facie* case of negligence, and that the burden was then upon it to show that the damage did not result from its negligence. Although the two instructions were not couched in precisely the same words, they cannot be distinguished in meaning. It was not error to refuse to give instruction No. 3, as it was fully covered by instruction No. 2, which the court gave at the request of appellant.

Appellant's next contention for a reversal of the judgment is that the court erred in giving instructions Nos. 6 and 13 requested by appellee. The instructions are as follows:

"6. The court charges you that the defendant is not responsible or liable for any loss which was caused by decay, waste or deterioration in quality of said strawberries, resulting from their inherent nature, infirmity and defect, if any. Therefore if you find from the evidence that the damage, if any, to the berries involved in this case resulted from decay, waste or deterioration in quality, occasioned by their inherent nature or infirmity, if any, then your verdict should be for the defendant."

"13. The court charges you that, if you find from the evidence that the strawberries were in a defective condition when loaded in the car at Hammond, La., or that their inherent nature was such as to cause them to ripen prematurely, then the court charges you that the defendant is not liable for damages, if any, resulting to the berries from such condition, if any."

It is admitted that the instructions correctly announce the law as far as they go, but they are assailed because alleged to be abstract. They are not abstract,

for a number of expert witnesses testified that an inspection of the berries at Minneapolis revealed evidences of diseases which might have caused the berries to deteriorate *en route*.   In the next place, appellant requested and obtained an instruction submitting the very same issue to the jury, which instruction is its requested instruction No. 1.

A further objection is made to the instructions because they did not place the burden upon appellee to prove that the berries were inherently defective. The fact that the instructions were to some extent incomplete did not render them prejudicially erroneous.   Appellant should have made an effort to have the omission supplied in the trial court.   *White* v. *McCracken,* 60 Ark. 613, 31 S. W. 882.

Appellant's next contention for a reversal of the judgment is that the court erred in permitting H. M. Green, division superintendent of appellee's business on the Illinois Central and the Yazoo & Mississippi Valley railroads, to testify respecting the general method employed by appellee in handling shipments of perishable products and to testify concerning the manner in which this shipment was handled, from permanent records in his possession.   It appears from the records that nine other witnesses who actually handled the shipment from the time the car was inspected at McCombs, Mississippi, on May 4, preparatory to loading the berries, until its arrival in Minneapolis, Minnesota, on May 9, testified relative to the movement of the car, the manner in which it was handled, iced and re-iced, during the entire time same was *en route*.   Their testimony tended to show that it was properly and carefully handled, iced and re-iced.   No contention was made that the testimony of these nine witnesses was incompetent.   In view of this fact it is unnecessary to decide whether the testimony of Mr. Meeks was competent, for, even though incompetent, it was not prejudicial, under the well-settled rule of law that it does not constitute reversible error to

admit incompetent evidence if the fact it tends to prove is otherwise established by competent evidence. *Pace* v. *Crandell*, 74 Ark. 417, 86 S. W. 812; *Maxey* v. *State*, 76 Ark. 276, 88 S. W. 1009; *Waters-Pierce Oil Co.* v. *Burrows*, 77 Ark. 74, 96 S. W. 336; *Bispham* v. *Turner*, 83 Ark. 381, 103 S. W. 1135; *Hunt* v. *Davis*, 98 Ark. 62, 135 S. W. 458; *Payne* v. *Thurston*, 148 Ark. 456, 230 S. W. 561.

Appellant's next contention for a reversal of the judgment is that the court erroneously admitted the testimony of John W. Healey, the local agent of appellee at Minneapolis, relative to what took place in handling the car after its arrival there. This agent was permitted to testify to telephone conversations he had with G. C. Early, the representative of the O'Connell Brokerage Company, that negotiated the sale of the car of berries, and D. W. Longfellow, a member of the firm of Longfellow Brothers, the consignee of the shipment, relative to the contention between them of whether Longfellow Brothers purchased the car of berries at prevailing prices for good stock, or at $2.50 a crate, or merely to bid on the car when it arrived. It is argued that the testimony was hearsay and calculated to cause the jury to lose sight of the real issue in the case. The testimony was foreign to the issue, which was whether the strawberries were damaged *en route* through the negligence and carelessness of appellee in furnishing a defective car that would not refrigerate, or in failing to properly ice and re-ice the car. The real issue in the case was submitted to the jury under proper instructions, and we are unable to say that testimony wholly foreign to the issue had a tendency to or did lead them astray. The admission of the testimony did not therefore constitute reversible error.

The last contention of appellant for a reversal of the judgment is that the court erred in admitting the testimony of H. A. Simms, mechanical superintendent of car equipment for appellee, relative to the general construction of refrigerator cars of the series or type of the car used in transporting this shipment.

The alleged incompetency of the testimony is based upon the fact that witness did not examine this particular car. One of the allegations of negligence was that appellee had furnished a defective car in which to transport the berries. H. A. Simms qualified as an expert on the subject of refrigerator cars, after which he testified that the car in question was one of a series of fifty cars which were constructed exactly alike, and that the particular type or series was constructed so as to produce proper refrigeration. This evidence was admissible as tending to prove that the particular car was properly constructed and not defective. Witness further stated that the amount of ice furnished this car at the various icing stations was sufficient to produce and maintain proper refrigeration. His expert knowledge qualified him as a witness for that purpose. The trial court did not err in admitting his testimony.

No error appearing, the judgment is affirmed.