AMERICAN RAILWAY EXPRESS COMPANY *v.* H. ROUW COMPANY.

Opinion delivered May 16, 1927.

1.  COMMERCE—SUIT AGAINST FOREIGN CORPORATION.—A suit against a foreign corporation lawfully doing business within the State for negligence in failing to refrigerate a car of strawberries during transit in an interstate shipment is not an unconstitutional burden on interstate commerce.

2.  COURTS—VENUE OF ACTION AGAINST CARRIER FOR NEGLIGENCE.—An action for damages for negligence of carrier for failure to refrigerate a car of strawberries during transit in interstate commerce need not be brought where the injury arose, since the cause of action is transitory.

3.  CORPORATIONS—JURISDICTION OF SUITS AGAINST FOREIGN CORPORATIONS.—Courts of this State have jurisdiction over a suit against a foreign corporation which has complied with the law with respect to doing business in the State, brought by a domestic corporation, for negligence in handling an interstate shipment made wholly without the State.

4.  CARRIERS—INTERSTATE SHIPMENTS—NOTICE OF CLAIM.—The fact that an interstate shipper gave no notice of its claim and made no claim of loss under the act of Congress and the Uniform Bills of Lading Act *held* immaterial where the damages were claimed

by reason of negligence in failing to refrigerate a car of strawberries during transit.

5. CARRIERS—NEGLIGENCE IN SHIPMENT—BURDEN OF PROOF.—Where a shipper gave no notice of its claim to an interstate carrier and made no claim of loss but based its claim for damages for negligence in failing to refrigerate an interstate shipment during transit, it was bound to prove actual negligence, something more than a delivery of the strawberries to the carrier in good condition and its delivery to the consignee in bad condition.

6. CARRIERS—SUFFICIENCY OF EVIDENCE OF NEGLIGENCE.—In an action of a shipper of strawberries against a railroad for negligence in failing to refrigerate the car during transit in interstate commerce, evidence *held* to sustain a finding that the railroad was guilty of negligence.

7. APPEAL AND ERROR—REVIEW OF EVIDENCE.—Where it is a question on appeal whether the evidence was sufficient to sustain the jury's finding that the carrier was negligent in failing to refrigerate the car of strawberries during transit in interstate commerce, the Supreme Court will view the evidence in the light most favorable to the appellee.

8. TRIAL—PROVINCE OF JURY.—A jury had a right to disregard as untrue the testimony of the defendant's witnesses and to accept as true the evidence of the plaintiff.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

*A. M. Hartung* and *Warner, Hardin & Warner,* for appellant.

*C. M. Wofford,* for appellee.

HART, C. J. The issues raised by these two cases are the same, and one opinion will suffice. Each case is an appeal by a common carrier from a judgment against it in favor of a shipper for damages for the alleged negligence of the carrier in failing to refrigerate a car of strawberries during transit in an interstate shipment.

It appears from the record that the car of strawberries in each case was shipped from a point in Louisiana to New York City, and did not, at any time while en route, come into the State of Arkansas. The plaintiff is a domestic corporation organized under the laws of the State of Arkansas, and is engaged in business at Van Buren, Arkansas. The defendant is a foreign corpora-

tion, but has complied with the laws of the State of Arkansas with regard to carrying on its express business in the State.  It is claimed by counsel for the appellant that the appeal should be dismissed under these circumstances, because it would be a burden on interstate commerce to require the defendant to answer to a suit in this State.  The contention of counsel for the appellant on this point is concluded against it by the opinion of this court in *American Railway Express Company* v. *H. Rouw Co.*, 173 Ark. 82, where it was expressly held that an action of this sort may be maintained against a foreign corporation by a resident of this State or by a domestic corporation.

In the case at bar the cause of action was a transitory one, and the court had jurisdiction of the subject-matter of the action.  The plaintiff is a domestic corporation carrying on its business in this State and, as such, is subject to suit in the courts of this State at the hands of any one having a cause of action against it.  The defendant is a foreign corporation, and has complied with our laws with reference to such corporations doing business in this State.  Our courts are open to it, and its property within the State is protected by our laws.  Its express business is of necessity operated as a unit, and its agents in this State have facilities for investigating claims against it.

Other reasons might be given why the courts of this State should entertain jurisdiction over a foreign corporation in behalf of a domestic corporation for a cause of action arising out of the State, but, inasmuch as no good reason appears to us why the court should refuse to entertain such jurisdiction, we do not deem further comment necessary.  *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152, 139 N. E. 223, 32 A. L. R., p. 1, and case-note.

It is next insisted that the judgment should be reversed because plaintiff never gave any notice or made any claim of loss as required by the act of Congress

governing actions of this sort and the uniform bills of lading issued pursuant to such act. The damages claimed by the plaintiff were for negligence in failing to properly refrigerate the car during transit, and no claim of loss was necessary. It devolved upon the plaintiff to prove actual negligence on the part of the carrier in failing to properly refrigerate the car of strawberries during transit as one of the facts essential to recovery. *American Railway Express Co.* v. *H. Rouw Co. post.*

Because the plaintiff had the burden of proving the carrier's negligence as one of the facts essential to recovery, it was bound to show something more than a delivery of the strawberries to the carrier in good condition and its delivery to the consignee in bad condition. It is earnestly insisted by counsel for the defendant that no such additional proof was made. The defendant introduced the evidence of various witnesses to show that its car was properly iced at the point of shipment and was kept properly iced during transit and until the car of strawberries was delivered to the consignee. The carriage of the shipment was made in the usual time. We cannot agree with counsel for the defendant that there is not sufficient proof to show actual negligent conduct on the part of the carrier in failing to properly refrigerate the car of berries during transit. The proof on the part of the plaintiff shows that the car of strawberries was inspected by competent inspectors at the time it was delivered to the defendant. The berries were sound and in good condition. They did not show that they had been rained on. In fact, they showed that no rain had fallen upon them. When they were delivered to the consignee they were inspected at once by competent inspectors. Their appearance showed that they had become soft and moldy. Some of the berries had decayed, and their appearance indicated that the decay was due to lack of refrigeration in transit. One of the witnesses had had twenty-five years' experience in the shipment of berries, and said that, from his experience

and the appearance of the berries, their condition was due to lack of proper refrigeration during transit. The witnesses were examined at length, but we deem the above to be the effect which the jury might have drawn from their testimony as a whole. In testing the legal sufficiency of the evidence to show actual negligence on the part of the carrier in failing to properly refrigerate a car of berries during transit, we must view the evidence in the light most favorable to the plaintiff. The jury had a right to disregard as untrue the testimony of the witnesses for the defendant and accept as true the evidence given in favor of the plaintiff. We believe that the evidence for the plaintiff, if true, is of such a substantial character as to warrant the jury in finding that the carrier was guilty of actual negligence as alleged in the complaint.

Therefore the judgment in each case will be affirmed.