ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* BURFORD.

Opinion delivered December 2, 1929.

*E. T. Miller* and *King, Mahaffey & Wheeler,* for appellant.

*E. F. McFaddin,* for appellees.

MEHAFFY, J. This suit was brought by appellees against the appellant to recover the sum of $699.49, claimed as damages to a shipment of cotton from Idabel, Oklahoma, to Houston, Texas. The facts, so far as necessary to state them, are as follows:

The appellees were the owners of 208 bales of cotton purchased by them at Idabel, Oklahoma, in the fall of 1925. The cotton was purchased for the appellees at Idabel by L. L. Ruggles, and was bought the latter part

or about the second week of October. Appellee Burford went to Idabel on Saturday night, and saw this cotton on Sunday morning, and classed it for grade and staple, and on Monday following appellee got out the invoices and gave shipping orders to Ruggles, his buyer, and Ruggles gave them to the weigher on Monday morning. The weigher transported the cotton from his platform to the railroad platform, about two or three blocks, and got bills of lading, which he took to the bank. The cotton had been sold to Alexander Sprunt & Sons, in Houston, Texas, and at the time that appellee examined the cotton on Sunday morning it was perfectly dry, and the bales of cotton were on end, but Sunday night it rained, and again on Monday it rained, and the bill of lading showed that the cotton was wet when received by the railroad company. It was shipped by way of Hope to Houston, Texas. The distance from Idabel to Hope is 77 miles, and the usual time of shipping cotton from Idabel to Hope was one day, twenty-four hours. This shipment was about three days getting from Idabel to Hope. The cotton was put in the compress at Hope, remained there about 16 days, was compressed, and shipped to Houston, Texas, and was in transit from Hope to Houston, Texas, considerably longer that the usual time required. It was an interstate shipment.

The undisputed proof shows that the cotton was not damaged at the time it left Idabel, and the undisputed proof also shows that it could have been shipped from Idabel to Houston, without compressing, in three days, and that in that time it would not have been damaged, although it was wet. The appellee testified that it was not damaged when it got to Hope. The testimony also showed that to compress cotton when wet would damage it. There is no dispute about the cotton having been damaged when it reached Houston, Texas. There is a conflict in the testimony about what took place and about the manner of handling the cotton at Hope, the appellees' testimony tending to show that it was so handled that it could not dry out, and was therefore compressed

while wet, and that this caused the damage. Appellees also testified that a proper handling of it would have been to take the hoops off and leave space so that it could get the air, and that neither of these things were done. The testimony of the appellant, however, was to the effect that the hoops were taken off, and that there was ample provision made for it to dry out.

The court submitted the question to the jury, and the jury found against the appellant for the amount sued for; motion for new trial was filed and overruled, exceptions saved, and appeal prosecuted to this court.

The appellant raises several questions in its motion for a new trial, but the only questions argued are, first, that the evidence was insufficient to show negligence on the part of the carrier, and, even if it showed negligence, that it does not show that this negligence was the proximate cause of the injury. We deem it unnecessary to set out the testimony more fully, because these are the only questions argued by the appellant. It is insisted that, because the evidence was not sufficient to justify the verdict, the peremptory instruction requested by the appellant should have been given. Appellant contends correctly that, this being an interstate shipment, the law as declared by the Federal courts must govern the liability and rights of the parties. This court, however, has recently decided three or four cases involving this question, and has followed the law as announced by the Federal courts.

The United States Supreme Court has said, in construing the statute:

"Chapter 176 requires any common carrier receiving property for transportation in interstate commerce to issue a receipt or bill of lading therefor, and makes it liable to the lawful holder thereof for any loss, damage or injury to such property, and contains certain provisos, the last two of which are: 'Provided further, that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise, a shorter

period for giving notice of claims than ninety days, and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: provided, however, that if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery.' '' *Barrett* v. *Van Pelt,* 268 U. S. 69, 69 L. ed. 857, 45 S. Ct. 437.

In the instant case no claim was made or filed within the time provided by the carrier, and, as no notice of claim was given as required, it was incumbent upon the appellee to show loss, damage or injury due to the delay, or damage by carelessness or negligence of the company. The contract in the instant case provided, among other things: ''Claims for loss, damage or injury to property must be made in writing to the originating or delivering carrier or carriers issuing this bill of lading within six months after delivery of the property, * * * provided that, if such loss, damage or injury was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery.''

We think the evidence in this case shows that a claim for the damage or injury was not made, as contemplated by the law and by the contract, within the six months, and that therefore the burden was on appellee to show the damages, and to show that the damages claimed were caused by the negligence of the carrier.

In the instant case the undisputed proof shows that there was unreasonable delay in the shipment, and that the carriers knew when it received the cotton that it was wet, and the evidence also shows that cotton compressed wet will damage; that this cotton was not damaged at the time it was received by the carrier; that the delay was unreasonable; and the testimony is conflicting as to

whether the cotton was properly handled at the compress in Hope. The jury had a right to believe appellees' testimony that it was not properly handled, and that this improper handling or negligent handling caused the injury to the cotton.

This court has several times held that the law as declared by the Supreme Court of the United States must govern. *C. R. I. & P. Ry. Co.* v. *Robinson & Co.*, 175 Ark. 35, 298 S. W. 873; *St. L. S. F. R. Co.* v. *Rouw Company*, 174 Ark. 1, 294 S. W. 414; *St. L. S. F. R. Co.* v. *Cole*, 174 Ark. 10, 294 S. W. 357.

While we have not set out the evidence, we have carefully considered the entire testimony, and have reached the conclusion that there was sufficient evidence to submit the question of negligence to the jury, and sufficient evidence to support the finding, not only that the negligence of the carrier caused the injury, but that it was the proximate cause of the injury. It would therefore serve no useful purpose to set out the evidence in full, and it is unnecessary to call attention to any other questions argued by counsel, because the appellant relies solely on the ground that the court erred in refusing to give its instruction No. 1, which was a peremptory instruction.

The evidence shows that the cotton was wet when received; that an unreasonable time was taken to transport it; and there is also evidence tending to show that it was negligently handled at Hope, and that this caused the damage. The undisputed proof shows that cotton compressed while wet will damage. There is no other damage claimed, and we therefore think that the evidence that the cotton was not damaged when received, was not damaged when it arrived at Hope, was improperly handled at Hope, and compressed while wet, is sufficient to show that the damage was caused by the negligence of the carrier, and that the carelessness and negligence was the proximate cause of the injury. At any rate there was sufficient evidence to submit these questions to the jury.

.This court does not pass on the credibility of the witnesses nor the weight to be given to their testimony. This is the province of the jury.

In this case there is substantial evidence to support the verdict of the jury, and the judgment is therefore affirmed.