St. Louis-San Francisco Railway Company *v.* Greig.

Opinion delivered September 29, 1930.

262

*E. T. Miller* and *Warner & Warner*, for appellant.

*D. H. Howell*, for appellee.

HUMPHREYS, J. This suit was brought by appellees against appellant in the circuit court of Crawford County to recover damages in the sum of $742.42 on account of deterioration in the condition of a car of strawberries shipped from Rogers, Arkansas, to Kansas City and diverted to Minneapolis through the alleged negligence of appellant or its connecting common carrier, in failing to promptly transport to its destination a carload of strawberries with due care or within a reasonable time after receiving instructions to divert the berries in question from Kansas City to the Yeager Produce Company, Minneapolis.

An answer was filed denying the material allegations of the complaint, and the cause proceeded to a trial upon the pleadings, testimony and instructions of the court, which resulted in a verdict and consequent judgment against appellant for $537, from which is this appeal.

It appears from the pleadings in the case that appellees founded or based their action upon the negligent delay of appellant in transporting the car of berries in question resulting in a deterioration thereof, and not upon the common law liability of appellant, the carrier, as an insurer. Notwithstanding the specific allegation of negligence, delay in transportation, upon which appel-

lees sought to recover, the trial court sent the case to the jury upon the theory that appellees might recover from appellant on its common law liability as an insurer. In doing this the court committed reversible error, for the rule is that where specific acts of negligence are alleged as a basis for the recovery of damages by a shipper against a carrier, he must rely thereon and make proof thereof in order to recover, and will not be permitted to recover under the general doctrine that a carrier must account for the deteriorated condition of commodities received by it in good condition. *Kansas City Ry. Co.* v. *Morrison,* 103 Ark. 522, 146 S. W. 853; *K. C. So. Ry. Co.* v. *Mabry,* 112 Ark. 110, 165 S. W. 279.

The trial court also committed reversible error in giving instruction No. 6 as to the measure of damages and in admitting evidence showing the wholesale market value of prime or first-class berries in Minneapolis on May 19th to the 21st, 1927, inclusive. The testimony reflects that appellees contracted such berries to their consignee for $4.10 per crate, and that on account of the deteriorated condition of same had been compelled to accept an average of $3 per crate. The measure of damages, if any, was the difference between the contract price and the price received.

Appellants make the further contention for a reversal of the judgment and the dismissal of the cause upon the ground that the undisputed testimony reflects that after receiving the diversion order the car of berries was transported in the first available train from Kansas City and with the best dispatch to Minneapolis, and that said car was properly refrigerated and handled in transit to its destination. A majority of the court agree with appellant's contention to the effect that the record, as it stands, does not reflect any negligence on the part of appellant in the transportation of the car of berries from Kansas City to Minneapolis, in which Chief Justice HART, Justice MEHAFFY and the writer do not concur, but are not willing to dismiss the case after a reversal of the

judgment, upon the ground that the evidence upon these points was fully developed. It appears that the diversion order was received by appellant at 5:30 P. M., May 17, 1927. Appellant's connecting carrier, Chicago, Great Western Railway Company, had a train, number 60, suitable for the transportation of the berries, scheduled to leave, and which did leave, Kansas City for Minneapolis at 6:50 P. M. that would have arrived on schedule time at Minneapolis at 12:35 P. M. on May 19, 1927. The berries were not forwarded on this train, but were forwarded in train number 90, scheduled to leave Kansas City at 8:35 P. M., but did not leave Kansas City until three hours later and which arrived in Minneapolis at 5:35 A. M. May 20th thereafter. The car of berries was in appellant's yard in Kansas City at 5:35 P. M. when the diverting order was received and filed, about three-quarters of a mile from the yard of the connecting carrier's yard, where it was necessary to move the car in order for it to be picked up by train number 60. About an hour and a half intervened in which the car might have been moved from appellant's yard to the other yard, but it was not affirmatively shown that facilities were at hand to transfer the car from one yard to the other or that appellant was negligent in failing to furnish facilities to do so. The law does not require railroads to keep engines at all times to move freight from one yard to another, only requiring that reasonable care and diligence be exercised in furnishing such facilities. *St. Louis-San Francisco Ry. Co.* v. *Vaughan,* 84 Ark. 311, 105 S. W. 573. The main contention of appellees in support of its judgment is that appellant was negligent in failing to transfer the car of berries from one yard to the other during the intervening hour and a half after receiving the diverting order and in time to place the car of berries in train Number 60 that left Kansas City for Minneapolis at 6:30 P. M. The majority do not think that the lapse of time alone constituted unreasonable delay, and that the burden rested upon appellees to go further and show that the car of berries could have

been moved from one yard to the other with the facilities available,' or that should have been' available as an incident to prompt transportation. The minority are of the opinion that the time elapsing made a *prima facie* case of delay unless explained away by appellant.

On account of the errors indicated, the judgment will be reversed, and the cause remanded for a new trial.

McHANEY, J. I concur in the judgment of reversal but go further and say that the case has been fully developed, and, should be dismissed. Mr. Justice BUTLER agrees with me.