MISSOURI PACIFIC RAILROAD COMPANY *v.* FINE.

Opinion delivered January 26, 1931.

*Thomas B. Pryor* and *Thomas B. Pryor, Jr.,* for appellant.

*Starbird & Starbird,* for appellee.

MEHAFFY, J. On the twenty-fifth day of January, 1930, appellee filed suit in the Crawford Circuit Court to recover damages alleged to have been caused by the negligence of the appellant.

Appellee delivered a carload of peaches to appellant on the 29th day of July, 1929, for shipment and delivery to White & Allen at Joplin, Mo. The peaches had been sold by appellee to White & Allen, f. o. b. Alma, Arkansas, and it was alleged, if they had been delivered in good condition, they would have been taken by White & Allen at the contract price. It was alleged, however, that appellant was negligent in that it did not properly refrigerate the peaches and did not carry them with due diligence, but delayed the shipment two days, and did not deliver the same in good condition, but delivered them in a bruised, mashed, specked, and rotten condition; that, by reason of the alleged negligence of the appellant, appellee was compelled to sell the peaches at a loss of $154.80, and he sues for this amount of damages.

There was a verdict and judgment for the amount sued for, and appellant filed motion for new trial, which was overruled, and this appeal is prosecuted to reverse said judgment.

At the request of appellee the court gave to the jury the following instruction No. 1: "You are instructed that a common carrier, in the absence of an expressed stipulation in the contract to the contrary, is responsible as insurer of goods received for shipment against all loss or damage, except such as is caused by the act of God or

the public enemy or from inherent defects or weaknesses in the commodity shipped; that when a shipment of perishable goods is received for transportation, it must exercise ordinary care in the adoption of such means of transportation in furnishing such equipment as will accomplish the purpose.''

This instruction was erroneous and should not have been given. In the first place, it tells the jury that the appellant is responsible as an insurer. This was not correct. The suit was based on negligence, and the burden was upon appellee to show by the evidence that the appellant was guilty of negligence causing the damage. In the next place, the instruction tells the jury that the carrier, when it receives a shipment of perishable goods for transportation, must exercise ordinary care in the adoption of such means of transportation, must furnish such equipment as will accomplish the purpose. This part of the instruction was erroneous because there is nothing either in the pleadings or the evidence tending to show that proper equipment was not furnished.

Instruction No. 3 should not have been given in the form it is, because it tells the jury it was the duty of the appellant to furnish a properly constructed refrigerator car, etc. There is no complaint about failure to furnish a properly constructed refrigerator car, and there is no evidence that a properly constructed car was not furnished.

Whether the carrier was negligent either in failure to properly ice the car or negligent in delaying the shipment are questions of fact to be determined by the jury from the evidence. We do not set out the evidence because the judgment will have to be reversed for the giving of the erroneous instructions above mentioned and the cause will have to be tried again.

This suit was based on the alleged negligence of the carrier.

In suits for damages due to negligence the shippers must prove the negligence in order to recover. *St. Louis-*

*San Francisco R. Co.* v. *H. Rouw Co.*, 174 Ark. 1, 294 S. W. 414; *American Ry. Exp. Co.* v. *H. Rouw Co.*, 174 Ark. 6, 294 S. W. 416; *H. Rouw Co.* v. *St. Louis-San Francisco R. Co.*, 172 Ark. 881, 290 S. W. 936; *Chicago R. I. & P. Ry. Co.* v. *Geo. E. Shelton Produce Co.*, 172 Ark. 1017, 291 S. W. 428; *H. Rouw Co.* v. *Amer. Ry. Express Co.*, 173 Ark. 84, 291 S. W. 1001; *Chicago R. I. & P. Ry. Co.* v. *Robinson & Co.*, 175 Ark. 35, 298 S. W. 873.

We said in the last case cited, in discussing an instruction very similar to instruction 1 in the instant case: "This instruction would permit a recovery without any negligence. And, since we hold that the action is based on negligence and negligence must be proved, we think that, instead of giving this instruction, the court should have instructed the jury that plaintiff would have to show that the injury or damage was the result of the negligence of the carrier." We also held in a more recent case that it was incumbent upon the shipper to show loss, damage, or injury due to the delay, or damage by carelessness or negligence of the company, and that the burden was upon the shipper to show that the damages were caused by the negligence of the carrier. *St. Louis-San Francisco Co.* v. *Burford,* 180 Ark. 562, 22 S. W. (2d) 378.

We deem it unnecessary to discuss the other questions that are discussed by counsel because the suit is based entirely upon the negligence of the carrier, and when the case is tried again the burden will be upon the shipper to show that the damage was caused by the negligence of the carrier, and this will be a question of fact for the jury.

For the error in giving the instructions above mentioned, the judgment is reversed, and the cause remanded for a new trial.