RAILWAY EXPRESS AGENCY *v.* H. ROUW COMPANY.

Opinion delivered October 26, 1931.

*A. M. Hartung* and *Warner & Warner,* for appellant.

*D. H. Howell,* for appellee.

MEHAFFY, J. The appellee brought suit in the Crawford Circuit Court for damages to a car of strawberries delivered to the appellant for shipment to Dallas, Texas. The complaint alleged that the appellant was negligent in failing to ice and re-ice said car and maintain proper refrigeration in the handling and transporting of said shipment of strawberries, and that by reason of the neg-

ligence alleged the strawberries, when they reached Dallas, Texas, were in a more or less overripe, soft, decaying, and otherwise deteriorated condition; that appellee was damaged by the negligence of appellant in the sum of $348.75.

Answer was filed by appellant specifically denying negligence and denying all the material allegations in the complaint.

The cause was tried by a jury and a verdict was rendered for $348.75. The case is here on appeal.

There was sufficient evidence to submit to the jury the questions of negligence and damages, but it would serve no useful purpose to set out the testimony here.

The first instruction given by the court at the request of the appellee was as follows: ''You are instructed that it is the duty of the carrier to furnish proper shipping facilities for the kind and character of commodity which it undertakes to carry, and in this case it was the duty of the defendant to furnish a refrigerator car sufficiently iced to preserve the strawberries loaded therein and keep said car sufficiently iced for such purpose until the same was delivered at destination.''

This instruction told the jury that it was the duty of the carrier to furnish proper facilities and to furnish a refrigerator car sufficiently iced to preserve the strawberries therein. This instruction was erroneous and should not have been given. The suit was based on negligence of the carrier and it was its duty to exercise ordinary care to properly ice and re-ice the car, thereby keeping the proper temperature.

Instead of telling the jury that it was its duty to do the things mentioned, the court should have told the jury that it was the appellant's duty to exercise ordinary care. The suit being based on negligence, the burden was upon appellee to show by the evidence that the appellant was guilty of negligence, causing the damages.

In the next place, the instruction tells the jury that it was the duty of appellant to furnish proper shipping facilities. There is no allegation in the complaint and

no evidence tending to show that proper equipment was not furnished; but, if this allegation had been made in the complaint and there had been evidence to support it, it would not have been proper to tell the jury that it was the duty of the carrier to furnish proper shipping facilities, but the suit, being based on negligence of the carrier, the jury should have been told that it was the carrier's duty to exercise ordinary care in furnishing shipping facilities.

In suit for damages due to negligence the shipper must prove the negligence in order to recover. *Mo. Pac. Rd. Co.* v. *Fine,* 183 Ark. 13; *St. L. S. F. R. Co.* v. *H. Rouw Co.,* 174 Ark. 1, 294 S. W. 414; *Amer. Ry. Exp. Co.* v. *H. Rouw,* 174 Ark. 6, 294 S. W. 416; *H. Rouw Co.* v. *St. L. S. F. R. Co.,* 172 Ark. 881, 290 S. W. 936; *C. R. I. & P. Ry. Co.* v. *Geo. E. Shelton Produce Co.,* 172 Ark. 1017, 291 S. W. 428; *H. Rouw Co.* v. *Amer. Ry. Exp. Co.,* 173 Ark. 84, 291 S. W. 1001; *C. R. I. & P. Ry. Co.* v. *Robinson & Co.,* 175 Ark. 35, 298 S. W. 873; *Amer. Ry. Exp.* v. *Cole,* 183 Ark. 557.

The appellee argues that the court, having correctly instructed the jury in other instructions, the cause should not be reversed on account of giving instruction No. 4. After giving instruction No. 4 the court gave instruction No. 5, telling the jury that it was the carrier's duty to use ordinary care in furnishing a properly refrigerated car, and to keep said car properly ventilated, and it is insisted by appellee that if there was error in giving instruction No. 4, that it was cured by the other instructions. The result, however, in giving the instructions referred to was to create an irreconcilable conflict in the instructions, leaving the jury without any proper or consistent guide. *Am. Ry. Exp. Co.* v. *Cole,* 183 Ark. 557; *Mo. Pac. R. Co.* v. *Fine,* 183 Ark. 13.

We have carefully examined the instructions given in this case and find no other error.

For the error in giving instruction No. 4, the judgment is reversed, and the cause remanded for a new trial.