RAILWAY EXPRESS AGENCY, INC. *v.* J. W. MYERS
COMMISSION COMPANY.

Opinion delivered January 18, 1932.

1124

1126

*A. M. Hartung* and *Warner & Warner,* for appellant.

*D. H. Howell,* for appellee.

HART, C. J., (after stating the facts). This is not a case where the common-law presumption against carriers who have received perishable commodities in good condition and have delivered them in damaged condition is applicable, as was the case in *Chicago, Rock Island & Pacific Railway Company* v. *George E. Shelton Produce Company,* 172 Ark. 1017, 291 S. W. 428, and *Railway Express Agency, Inc.,* v. *S. L. Robinson & Co., ante* p. 660. In cases like those, when the goods are damaged in the hands of the carrier, the burden of proof is upon it to show that its negligence did not contribute to the damage. The reason is that the goods are exclusively in its custody during transit, and it alone would know whether or not it had been guilty of negligence in handling the goods in transit.

The shipment involved is an interstate one, and it is settled that the rights and liabilities in respect to damage depend upon acts of Congress, and upon the common-law principles expressed in the federal courts. *Chicago & Northwestern Railway Company* v. *C. C. Whitnack Produce Company*, 258 U. S. 371, 42 S. Ct. 328; *St. Louis-San Francisco Railway Company* v. *H. Rouw Company*, 174 Ark. 1, 294 S. W. 414; *St. Louis-San Francisco Railway Company* v. *Burford*, 180 Ark. 562, 22 S. W. (2d) 328; *St. Louis-San Francisco Railway Company* v. *Greig*, 182 Ark. 262, 31 S. W. (2d) 290; *Missouri Pacific Railroad Company* v. *Fine*, 183 Ark. 13, 34 S. W. (2d) 755; and *American Railway Express Company* v. *Cole, ante* p. 485. In these cases, it is held that, where specific acts of negligence are alleged as a right to recover by plaintiff, he must rely thereon and make proof thereof in order to recover. In such cases, he will not be permitted to recover under the common-law doctrine that a carrier must account for the deteriorating condition of commodities received by it in good condition and delivered in bad condition.

The first ground of negligence relied upon in the present case is that the carrier did not furnish a properly equipped refrigerator car. There is no evidence on the part of the plaintiff at all to sustain this allegation of negligence. On the part of the defendant, it was shown by evidence of witnesses, which was consistent in itself and uncontradicted, that the car was of the latest modern type and was properly equipped in every respect without any defect in it.

The next allegation of negligence is that the car was not properly iced in transit, and that this caused the damage to the peaches. On this branch of the case, the defendant introduced witnesses who had iced the car at the point of shipment and en route from Heavener, Oklahoma, to St. Louis, Missouri. The testimony shows that the bunkers were kept filled to capacity and the ice was tamped down. The drains were left open, and there was no negligence whatever on the part of the express com-

pany in handling the peaches. The train which carried the peaches arrived at its destination in St. Louis on schedule time, and was promptly placed on the side track for unloading. When inspected there, they were found to contain brown rot, which is a progressive disease. Peaches may be loaded in a car in apparently good condition, and brown rot may develop in them to the extent that was discovered while in transit. According to the evidence for the defendant, the damage to the peaches in question was caused by brown rot, a field disease, and not by any negligence whatever of the defendant.

It is insisted, however, that the evidence for the plaintiff is to the contrary and establishes negligence in failing to properly ice the car in transit. We do not so regard the effect of the evidence. The most that can be said of the evidence for the plaintiff on this branch of the case is that brown rot will develop more rapidly in peaches when the refrigerator car in which they were carried is not properly iced. On this point, the son of the plaintiff testified that he inspected the peaches when they were loaded and that the ice was down six inches. In the very nature of things, ice will melt, but the testimony of the defendant, which is uncontradicted, tends to show that the initial icing was completed at 3:15 p. m. and that the car was reiced eight and a half hours afterwards. The plaintiff loaded the peaches into the car through its agent, 300 crates of peaches being taken out of cold storage and the balance from sheds at the loading point. According to the testimony of J. W. Myers, the only thing that could cause development of brown rot in peaches loaded at Heavener in sound condition and arriving at St. Louis with as high as twenty-five per cent. decay is improper refrigeration. It is apparent from reading his testimony that brown rot is a field disease, and that peaches are often sprayed in the fields to control it. He only states that, if the peaches had had brown rot when put in the car, good refrigeration would have checked the brown rot. The uncontradicted proof shows that the peaches had the disease called brown rot, and

that this was a disease which originated in the fields. The condition in which the peaches were found in the car when it arrived at its destination showed that there had been no improper handling of the peaches. The decayed condition of the peaches was due solely to a field disease which was not caused by any negligence on the part of the defendant. The disease originated in the peaches before they were delivered to the carrier, and the undisputed evidence shows that the disease is frequently not apparent at the beginning. Here the uncontradicted proof shows that the decay in the peaches was due to this field disease called brown rot, and not to any negligence of the defendant in handling the peaches in transit.

Therefore the court should have directed a verdict in favor of the defendant as requested by it. For its failure to do so, the judgment must be reversed; and, inasmuch as the cause of action seems to have been fully developed, it will be dismissed here. It is so ordered.