GULF, COLORADO & SANTA FE RAILWAY COMPANY ET AL. v. FRANK PEACOCK.

Decided April 6, 1910.

**Market Value—Evidence.**

Where there is a market value fixed by daily or frequent sales of articles such as those in question in the open market, no evidence of a less certain nature is receivable; but articles not so commonly sold in the locality, such as race horses, may have, though in another sense, a market value there; and, as a circumstance to prove this, opinions of persons qualified by dealing in such property and by knowledge of its qualities and uses may be permitted to state what they would pay for them there in good condition and what in the damaged condition shown by the proof.

Appeal from the County Court of Falls County. Tried below before Hon. W. E. Hunnicutt.

The case, upon motion for rehearing, was reversed and remanded upon points not considered in this opinion, but only the opinion here rendered was designated to be officially reported.

*Spivey, Bartlett & Carter,* for appellants, cited: Baldridge v. Cartrett, 13 S. W., 8; Texas & P. Ry. Co. v. Lee, 51 S. W., 351; Lintz v. City of Dallas, 72 S. W., 71; Southern Pac. Ry. Co. v. Maddox, 12 S. W., 815; Texas, etc., Ry. Co. v. White, 62 S. W., 133; Ft. Worth & D. C. Ry. Co. v. Word, 21 S. W., 607; Galveston, H. & S. A. Ry. Co. v. Sweeney, 24 S. W., 947; St. Louis Ry. Co. v. Ball, 66 S. W., 879.

*E. W. Bounds,* for appellee.

JENKINS, ASSOCIATE JUSTICE.—Appellee brought this suit to recover damages for injuries alleged to have been inflicted by the G., C. & S. F. Ry. Co. and the M., K. & T. Ry. Co. on two race horses in the shipment of said horses from Brownwood to Waco. The evidence shows that said horses were shipped over the G., C. & S. F. Railroad from Brownwood to Temple, where they arrived at about sun-up on Sunday morning, the trip being made in the usual time and without injury. Had these horses been forwarded without delay they would have arrived in Waco between one and two o'clock p. m. of the same day, as is shown by the fact that another car accompanying this shipment, and containing two other horses, did arrive at Waco at that time. About an hour after the arrival of the car containing appellee's horses at Temple they were switched to the track of the M., K. & T., and were roughly handled during said switching.

They were delivered to the M., K. & T. Ry. Co. at 5:30 p. m., but, the car being defective, they were transferred to another car, and did not leave Temple until about 11 a. m. on Monday. In the meantime there was a snow-storm, and appellee alleges that the horses were exposed to same in the cars, and in being transferred from one car to another, and that they caught cold and suffered therefrom in addition to the injuries received from being roughly handled, and that, but for such delay in their shipment, they would have arrived at Marlin, their place of destination, and been in their stalls, before said change in the weather.

The jury awarded damages in the sum of $150 against each of said railroads, and the evidence is sufficient to sustain their verdict.

The appellants complain of the action of the court in permitting John Humphries, C. S. Smith and appellee to testify as to the market value of said horses at Marlin in the condition that they were received and as to such market value had they arrived without injury. Each of said witnesses stated that he was acquainted with such market values, but, upon cross-examination, it appeared that, while purchasers could have been found for such horses at Marlin, there was no market value for race horses at that place in the sense in which the term "market value" is most frequently used. The witness Humphries was permitted to state what he would have given for said horses at said time and place in the condition in which they were received and what he would have paid for them at said time and place had they been received in the condition they were in when they were shipped. It appeared from the testimony of each of said witnesses that they were experienced race-horse men, and had bought and sold race horses in that community, or had known of such sales before and after said shipment, and that they were well acquainted with the horses in question, and knew their condition at the time of their shipment from Brownwood and at the time they were received at Marlin. No sales of such stock were shown to have been made at said place at or about that time. The appellee alleged in his petition the depreciation in the intrinsic value of said horses, as well as the depreciation in their market value. We hold that the court did not err in admitting this evidence. It is true that a party is bound to offer the *best* evidence in support of his case, and it is also true that the "market value," in the sense of the price that such articles sell for in the open market at the time and place, if there be such market, is the best evidence as to value. But it is not absolutely necessary to show that there is such a market in order to prove market value. Such market value of articles sold by weight or quantity, the price being graded by fixed or commonly received standards, as is the case with cotton, grain, beef cattle, or even stock cattle, can be easily proven by sales daily, or at least frequently, made in the open market; and where there is such a market at the place of delivery no evidence as to value of a less certain character is admissible. But it should not be held, simply because there is no market value in this sense for race horses or breeding stock, that they have no market value. In such cases market value is, to some extent, speculative and uncertain, but this goes to the weight and not to the admissibility of

the evidence. In such case we think it admissible for a witness who is experienced as to the qualities and uses of the article to state what he would pay for the same, not as conclusive evidence of its value, but as a circumstance showing the weight that should be attached to his opinion as to such value. Railway Company v. Lothrop, 49 S. W., 899; Railway Company v. Stanley, 89 Texas, 43; Railway Company v. Davidson, 60 S. W., 279; Railway Company v. Chittem, 40 S. W., 24; Railway Company v. Fambrough, 55 S. W., 190; Railway Company v. Scholz, 44 S. W., 561.

In this case there was no evidence as to values except that offered by the appellee, and the amount of his recovery was less than that alleged by him and less than that testified to by his witnesses.

Finding no error in the record, the case is affirmed.

<sup>*</sup> *Affirmed; reversed and remanded on rehearing.*