In Doyle v. State, 59 Tex. Cr. R. 61, 127 S. W. 815, this court, through Judge Ramsey, after citing said act of 1907 above, said:

"We must and shall assume that the judgment and decree putting local option in force, and the proclamation of the county judge, had the effect to institute the law in that county, and that this presumption and conclusion are conclusive on us and on appellant."

[3] As there is no statement of facts, we must conclude that everything necessary to be proved to put the prohibition law in force was proved.

The judgment is affirmed.

═══════

ST. LOUIS, B. & M. RY. CO. et al. v. MOSS.
(No. 6022.)

(Court of Civil Appeals of Texas. San Antonio. April 24, 1918.)

1. EVIDENCE ☞587—CIRCUMSTANTIAL EVIDENCE.

A fact may be proved by circumstantial evidence alone which does not exclude every other hypothesis; it being sufficient if the circumstances establish a preponderance of the evidence in favor of the fact to be proved.

2. CARRIERS ☞228(5)—SHIPMENT OF STOCK—EVIDENCE.

In shipper's action for negligent handling of carload of bulls, evidence held not to show defendant was negligent.

3. CARRIERS ☞217(2)—SHIPMENTS OF STOCK—CONTRIBUTORY NEGLIGENCE.

If the negligence of plaintiff shipper, in placing vicious bulls unconfined in a car together, contributed to injury to them, he could not recover, and his negligence need not have been the sole proximate cause of injury.

4. NEGLIGENCE ☞82—ACTION—DEFENSE.

Contributory negligence is a complete defense to an action based on defendant's negligence, whether it caused the injury alone or concurred with the negligence of defendant in producing the result.

Appeal from Refugio County Court; Eugene Low, Judge.

Suit by G. W. Moss against the St. Louis, Brownsville & Mexico Railway Company and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

E. H. Crenshaw, Jr., of Kingsville, and Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellants. J. Turner Vance, of Refugio, for appellee.

FLY, C. J. Appellee sued appellants, the one named in the style of this case and the Gulf, Colorado & Santa Fé Railway Company, to recover damages alleged to have arisen through the negligent handling of a carload of bulls, shipped from Refugio, Tex., to Ft. Worth, Tex., on November 17, 1916. The cause was submitted to a jury on special issues and a judgment, supposedly based on the answers of the jury, was rendered in favor of appellee for $411.01 against both railways. The evidence showed that four of the bulls were dead in the car when they reached Bay City, at the junction of the line of the initial carrier and the connecting carrier, and all the evidence tended to show that they were killed by other bulls, in fights which it was proved were taking place at every point where they were noticed.

[1] It is not contended by appellee that any negligent handling of the dead bulls was proved, but the contention is that there was "only circumstantial evidence that the bulls injured themselves, and it does not exclude the hypothesis that they might have been injured otherwise." A fact can be proved by circumstances as well as by direct testimony, and we know of no rule that such circumstantial evidence must exclude every hypothesis that something might have happened other than the fact established by the circumstantial evidence. If the circumstances establish a preponderance of the evidence in favor of a certain proposition, it is proved. All the circumstances in this case, however, point to the irresistible conclusion that the bulls were killed by their companions. No negligence was shown on the part of the carrier in connection with the four dead bulls; but they were fighting all along the way, and when one was down and attempted to rise the bulls standing would toss him on their horns to the other end of the car, and some of the bulls were shown to be very vicious, and ten of them had to be tied at Bay City to prevent fighting. There was positive testimony by witness Toups that "the dead bulls that were taken out of the car at Bay City were knocked

down and trampled to death by the other bulls." The jury found that the bulls fought in the loading pens and while being loaded; that they were inherently vicious, and the appellee knew the fighting qualities of the bulls; and yet in the face of all the testimony the jury answered that the failure to tie the bulls and the fighting instincts of the bulls was not the "sole proximate cause" of their death. The jury found, however, that there was no evidence to show what causes other than the fighting contributed to the death of the two bulls that died after being taken from the car, and of course they could not find any other causes than the fighting as to the four dead bulls. As requested by appellants, the jury should have been instructed that they should not consider the four dead bulls or the wounded ones found in the car at Bay City in making up their verdict.

[2] There was no evidence whatever of negligent handling of the cattle by the initial carrier, but, on the other hand, the proof was positive that the train received the "usual handling of such trains. There was no unusual stopping, bumping, or jolting," and there were no delays, and when the train reached Bay City the car containing the bulls was placed, in about 15 or 20 minutes, on the transfer track of the connecting carrier, the Gulf, Colorado & Santa Fé Railway Company. In spite of this testimony the jury found that the shrinkage in the weight of the fourteen bulls that reached Ft. Worth was due to "neglect in transportation over the St. Louis, Brownsville & Mexico Railroad Company." According to the answers of the jury the whole of the damage occurred before the cattle were delivered by the initial to the connecting carrier. All of the bulls that had horns were tied at Bay City, and it is a significant fact that none of the animals were hurt after that was done. It could not have been the delay on the siding at Bay City that caused the death of the six bulls, for the uncontroverted evidence showed that four were dead when they reached Bay City and two were injured and down and could not get up although an effort was made to get them up. The cattle were delivered to the connecting carrier by the initial carrier at 12:30 a. m., about 8 hours and 45 minutes after they started from Refugio. It was not contended that there was any delay in making the run from Refugio to Bay City. It does not appear that there was a contract limiting the liability of the initial carrier to its own line, and none seems to have been necessary, because the whole of the damages is attributed by the jury to the neglect of the initial carrier in transporting the cattle from Refugio to Bay City. That finding was equivalent to a conclusion that there was no negligence after the cattle reached Bay City, and there being no evidence of negligence before the cattle reached Bay City, there is no basis for the judgment. The verdict cannot be tortured into a finding that it was negligence to allow the cattle to remain in the car on the transfer switch of the connecting carrier, for the jury distinctly found that the whole negligence occurred "in transportation" of the cattle on the line of the initial carrier.

[3, 4] The jury found that the bulls were inherently vicious and full of fighting qualities, but the court failed and refused to permit the jury to pass on whether that vice was the proximate cause of the death of the six bulls and the injury to the others, although the testimony, which is not assailed, showed that they were gored, bruised, and injured in a way clearly indicating that such injuries had resulted from the attacks of one upon the other. The court proceeded upon the theory that in order to preclude a recovery the negligence of appellee in placing vicious bulls unconfined in a car together must have been the sole proximate cause of the injury to the bulls, while the law is that if the negligence of appellee contributed to the injury to the bulls he could not recover. Contributory negligence is a complete defense to an action based on the negligence of the defendant, whether it caused the injury alone, or concurred with the negligence of the defendant in producing the result. This is the rule in every case in which a different rule is not laid down by statute, as in cases of comparative negligence. Any negligence of a plaintiff which is a proximate cause of the injury of which complaint is made will prevent a recovery, no matter how negligent the defendant may have been. Andrews v. Mynier, 190 S. W. 1164; Railway v. Foth, 45 Tex. Civ. App. 275, 100 S. W. 177; Id., 101 Tex. 133, 100 S. W. 171, 105 S. W. 322; Brewing Association v. Wolfshohl, 155 S. W. 644.

Under the facts of this case a verdict as to the six dead bulls, as well as for shrinkage of the remaining fourteen, should have been instructed for appellants, and this court would render judgment for appellants, were it not apparent that the case has not been fully developed as to the shrinkage of the animals from the time they were placed on the transfer switch at Bay City until they were delivered in Ft. Worth, and while it would be extremely difficult, as suggested by appellant, to separate any shrinkage in the weight of the cattle arising from delay in transportation from the shrinkage resulting from the combative propensities of the bulls, still it is possible that it may be done, and we feel that it is just to allow another opportunity to separate the damages if possible. It does not appear that the vicious propensities of the bulls were indulged in after the cattle left Bay City, as those with horns were tied. It does not appear that the four hornless bulls that were loose in the car indulged in the pastime of battering their fellows with their heads, thereby producing

not only discomfort but broken ribs and bruises. There was no development of what was done after the animals left Bay City, except that there was a probable delay in transportation. Of course, in considering the question of shrinkage, that arising from the wounds, bruises, and bad condition of the cattle caused by the fighting should not be taken into consideration.

The judgment is reversed, and the cause remanded.