AMERICAN RAILWAY EXPRESS COMPANY *v.* H. ROUW COMPANY.

Opinion delivered April 4, 1932.

*A. M. Hartung* and *Warner & Warner,* for appellant.

*D. H. Howell,* for appellee.

MEHAFFY, J. The appellee brought this action in the Crawford Circuit Court against the appellant to recover

$1,109.35, damages to a shipment of strawberries from Horatio, Arkansas, to Hartford, Connecticut.

Appellee alleged the delivery of the strawberries to the appellant, and alleged that appellant was negligent in not shipping the berries within a reasonable time, and in not furnishing a properly constructed and equipped refrigerator car, and was negligent in not keeping said car refrigerated, and in allowing the ice to melt in the bunkers. It alleged that the berries were in good condition when shipped, and they arrived in Hartford in a damaged condition, said damages being caused by the negligence of appellant.

It alleged the filing of its claim in writing and the failure and refusal to pay.

Thereafter plaintiff filed the following amendment as a substitute for paragraph three of the original complaint:

"Plaintiff alleges that the defendant allowed and permitted said strawberries, while in its possession and during the course of transportation, to become soft, wet, rotten and otherwise deteriorated, thereby greatly depreciating the value of same, all to plaintiff's damage in the sum of eleven hundred nine and 35/100 dollars ($1,109.35). Wherefore plaintiff prays judgment and relief against the defendant as alleged and set forth in the original complaint."

The appellant filed a demurrer and answer, and the court overruled the demurrer. The answer denied all the material allegations of plaintiff's complaint.

The appellee introduced the express receipt, paragraph four of which is as follows:

"Unless caused in whole or in part by its own negligence or that of its agents, the company shall not be liable for loss, damage, or delay caused by:

"A. The act or default of the shipper or owner.

"B. The nature of the property, or defect or inherent vice therein.

"C. Improper or insufficient packing, securing or addressing.

"D. The act of God."

Appellee then introduced evidence tending to show that the berries were delivered to the carrier at Horatio in good condition, and arrived at Hartford, Connecticut, in a damaged condition; and also evidence that, if they were delivered in good condition in a properly cooled refrigerator car, and arrived at their destination in a damaged condition, the damage was due to the fact that the car did not have proper refrigeration all along the route, and the ice must have melted away at some point.

This was all the evidence introduced on the part of the appellee, and the appellant moved the court to exclude from the jury's consideration any issue of negligent delay in transporting the car, there being no evidence tending to prove such negligence, and this motion was sustained by the court.

The appellant then moved the court to exclude from the jury's consideration any issue respecting negligent failure to ice or reice the car in transit, and the court sustained this motion. The appellant then moved the court to exclude from the jury's consideration any issue respecting defendant's negligence in furnishing said car, or in furnishing an improper or insufficient equipment, and this motion was sustained by the court.

All allegations of specific acts of negligence alleged in the complaint were withdrawn from the consideration of the jury, and the only issue remaining to be tried was the common-law liability stated in appellee's amendment to his complaint.

The appellee, having shown by evidence that the shipment was delivered at Horatio in good condition, and received at Hartford in a damaged condition, and also having shown that this could have been caused only by failure to keep the cars properly iced, the burden was then upon appellant.

It thereupon introduced testimony which tended to show that there was no delay in the transportation of

the berries, and it also introduced evidence tending to show that there was no failure to ice or reice the car. There was no evidence in the case tending to show that the berries were diseased.

L. P. Franks, however, a witness for the appellant, testified that he inspected the car at Horatio and that it was in good condition and properly iced. He testified that the day before the car was loaded it rained. He also testified that part of the berries were water-soaked, some overripe, and some small and knotty.

Another one of the appellant's witnesses, however, C. F. Lamb, agent for the company at Hartford, testified that he inspected the car on its arrival, notified the consignee, and that it was apparent that the berries met consignee's requirements. There was no sign of decay in the berries, which were dry and small, and had cover bruises. This witness inspected the top tiers.

Huntoon, another witness, testified for appellant that he inspected the car at Kansas City on its arrival, and that the bunkers were down about 17 inches. It was necessary to put in, and he did put in, 2,700 pounds of ice.

Another witness for appellant, John Reddick, also testified that the ice was down 17 inches.

Some of the witnesses for appellant testified that they reiced the car to capacity, but did not know how low the ice was when the car arrived.

It is appellant's first contention that appellee wholly failed to establish negligence, and was therefore not entitled to recover. When a shipper alleges specific acts of negligence, the burden is on the shipper to prove the negligence alleged, and that this negligence caused the damage. This suit, however, is based on the carrier's common-law liability, and, when the shipper made a *prima facie* case, the burden shifted to appellant.

The law, however, is well settled that a common carrier, in the absence of an express stipulation in the contract to the contrary, is responsible where goods are received for shipment against all loss or damage except

such as is caused by the act of God, or the public enemy, or from inherent defects or weakness in the commodity shipped; and, when the carrier holds itself out as proposing to provide means of preserving perishable goods, it must exercise ordinary care in the adoption of such means of transportation, and furnishing such equipment. And if the goods were in good condition when delivered and accepted, and found on arrival at destination to be in damaged condition, then the law presumes the damaged condition was caused by the negligence of the carrier. *Mo. Pac. Ry. Co.* v. *Amer. Fruit-Growers Inc.*, 163 Ark. 318, 260 S. W. 39; *American Ry. Express Co.* v. *H. Rouw Co.*, 173 Ark. 810, 294 S. W. 357; *St. L. San Fran. Ry. Co.* v. *Cole*, 174 Ark. 10, 294 S. W. 401; *Amer. Ry. Ex. Co.* v. *H. Rouw Co.*, 174 Ark. 6, 294 S. W. 416; *M. P. Ry. Co.* v. *Fine*, 183 Ark. 13, 34 S. W. (2d) 755; *Cinn.-New Orleans & Texas Pac. Ry. Co.* v. *Rankin*, 241 U. S. 319, 36 S. Ct. 555, 60 Law. Ed. 1022; *Amer. Ry. Ex. Co.* v. *Rhody*, 84 Ind. App. 283, 143 N. E. 640; *Buck* v. *Amer. Ry. Ex. Co.*, 195 Iowa 1024, 192 N. W. 277.

The appellant, however, in the contract of shipment expressly provided that, unless the injury was caused in whole or in part by its negligence, it should not be liable for loss, damage, or delay, caused by: (1). Act or default of the shipper or owner. (2). The nature of the property, or defect or inherent vice therein. (3). Improper or insufficient packing, securing, or addressing. (4). The act of God. There is no evidence in this case that the damage resulted from either of the above causes. There is no evidence of any act or default of the shipper that caused the damage. There is no evidence that it was caused by the nature of the property, or defect or inherent vice. There is no evidence that the damage was caused by the act of God.

There is substantial evidence to sustain the verdict in this case. The credibility of the witnesses and the weight to be given to their testimony were questions for the jury, and not for this court.

Appellant cites a number of authorities to support its claim that when a plaintiff bases his right to recover upon unreasonable delay and failure to furnish proper refrigeration, having relied upon these specific acts of negligence, the burden is upon the shipper. All the questions of negligence, as we have already said, were eliminated by the court at the request of the appellant.

The court excluded from the consideration of the jury any issue of negligent delay, and negligent failure to ice or reice, and negligence in furnishing car or improper equipment, and, after the elimination of these issues, plaintiff's right to recover was based wholly on the common-law liability of the carrier, and, when the appellee proved a delivery of the shipment in good condition to appellant, and proved a delivery at destination in a damaged condition, the presumption arose that the carrier was guilty of negligence, causing the damage.

We are of the opinion that the evidence was sufficient to justify the jury in finding that the carrier was guilty of negligence which caused the injury.

Appellant urges a reversal because the court gave appellee's instruction No. 1, which is as follows: "You are instructed that a common carrier, in the absence of an expressed stipulation in the contract to the contrary, is responsible for goods received for shipment against all loss or damage, except such as is caused by the act of God or the public enemy or from inherent defects or weakness in the commodity shipped; that, when a shipment of perishable goods is received for transportation, it must exercise ordinary care in the adoption of such means of transportation and in furnishing such equipment as will reasonably accomplish the purpose. The above instruction was a correct statement of the law.

Appellant relies on *M. P. Rd. Co.* v. *Fine, supra.* That case, however, was based on specific allegations of negligence, and the instruction complained of in this case told the jury that the carrier must exercise ordinary care in the adoption of such means of transportation and

furnish such equipment as would reasonably accomplish the purpose.

Appellee's instruction No. 2, was a correct statement of the law. It told the jury in effect that if the evidence showed that the strawberries were delivered to the carrier in Horatio in good, sound, merchantable condition, and, if the same arrived in Hartford in a damaged condition, and such damage occurred during the time they were in possession of the carrier, then the plaintiff had made out a *prima facie* case, and the burden was upon the defendant to show that it used ordinary care in the transportation of said berries.

As we have already said, it is a well established rule in this court, and in practically all other courts, that the delivery to the carrier of merchandise in good condition, and the delivery at its destination in bad condition, makes out a *prima facie* case.

Appellant also urges a reversal because the court refused to give its instruction No. 5. This instruction was erroneous because it placed the burden upon the plaintiff to prove the negligence of the carrier.

We find no error, and the judgment of the circuit court is affirmed.