**TEXAS & N. O. R. CO. v. EAST et al.**

No. 8887.

Court of Civil Appeals of Texas. San Antonio.

Oct. 26, 1932.

Rehearing Denied March 1, 1933.

John C. North and R. B. King, all of Corpus Christi, for appellant.

Perkins & Floyd, of Alice, for appellees.

FLY, Chief Justice.

Appellees sued appellant and the Texas Mexican Railway Company to recover the sum of $777.20, damages alleged to have arisen on a shipment of cattle from Brownsville, Tex., to New Orleans, La. The damages were alleged to have been caused by the negligent and rough handling of the cattle, and delay along the route. It was alleged that seven cows were killed in transit, and other cows injured. Appellant answered that the death and injury were caused by poisoning resulting from the cattle having been dipped for ticks. The cause was submitted to a jury on special issues, and judgment was rendered on the answers thereto against appellant in the sum of $585.07. The cause was dismissed as to the Texas-Mexican Railway Company.

The jury answered that seven cows were killed and others injured through the negligence of appellant, and that the cattle were not injured through the poison in the dipping fluid. The answers of the jury were sustained by the facts.

It is the contention of appellant that, as there was no affirmative proof made by appellees of negligence upon the part of appellant which caused the damages, appellees should not recover. The evidence showed that the cattle were delivered to appellant in a sound healthy condition; that there was some delay on the way from Brownsville to New Orleans, and that on their arrival at destination seven cows were dead and others badly injured. No one representing appellees accompanied the shipment.

■■ It is the general rule that, when property is delivered in good condition to a carrier at the initial point of shipment, and is delivered at the point of destination in bad condition, negligence will be presumed, and, unless such presumption is rebutted by the carrier, a judgment for damages will be sustained. The rule is based on the ground that it is generally the case that it is impossible for a shipper to prove negligence in the handling; the carrier alone being in a position to show how the property was handled. In this case the verdict of negligence must rest on the presumption of negligence alone

for, although some delay was shown, that item was not submitted to the jury. In fact, the delay is not claimed to have been the cause of the injuries to the cattle, but rough handling. Appellant introduced evidence, which was not in any way controverted, that the cattle were not injured by any act of negligence on the part of appellant, but that the injuries were caused by arsenical poisoning resulting from the cattle having been dipped just before being placed in the cars of appellant. A veterinarian and other witnesses testified, without contradiction, that the bruises on the cattle did not result from rough handling, but resulted from the cattle having sickened from the poison and getting down and being trampled upon by the other cattle. That testimony clearly raised an issue and should have been submitted to the jury. The issue was not submitted. In view of a reversal, we will not fully discuss the evidence, which is capable of being amplified by appellees. St. Louis, B. & M. R. Co. v. Moss (Tex. Civ. App.) 203 S. W. 777.

In the case of Galveston, H. & S. A. R. Co. v. Canales (Tex. Civ. App.) 3 S.W.(2d) 589, there was no evidence of the condition of the property when delivered to the carrier, and therefore no basis for the presumption of negligence from bad condition when delivered at point of destination, and this court properly reversed the judgment and rendered judgment for appellant.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

■■ While there was an allegation of delay on the part of the carrier, the question of delay was not submitted to the jury, and therefore is of no effect in the consideration. The judgment in this case must be sustained, if at all, on the presumption of negligence and rough handling on the way to New Orleans. When that presumption arose, then it devolved on the carrier to show by testimony that there was no rough handling, but that the cattle were handled in a careful manner. That is exactly what was done by the carrier, and, in addition, there was affirmative evidence to the effect that the cattle not only did not die from rough handling, but died from the effects of arsenical poisoning received through dipping at the point of shipment. This latter testimony was clear and to the point, and unassailed and uncontradicted by appellees. It was calmly set aside and ignored by the jury, as was the testimony in regard to the manner in which the cattle were handled by the carrier. To hold that a railroad company cannot destroy a presumption of negligence by affirmative uncontroverted evidence is to hold that, whenever cattle are delivered to a railroad company in good condition at the shipping point, and are delivered in bad condition at the point of destination, it would amount to a declaration that a railroad company has no defense against the presumption mentioned. That is not the law, however. The evidence as to the handling of the cattle was not the opinion of witnesses, but the positive statement of facts.

It is stated that the case of Texas & N. O. R. Co. v. Hellen (Tex. Civ. App.) 47 S.W.(2d) 1112, 1113, is the exact case now before this court with the exact facts. In answer to this, we quote the language of that opinion:

"It was shown that the cattle were delivered to the carrier in good shipping condition and in apparent sound health; that they were seriously delayed in transit by the carrier; that some of them died, and others were injured in transit.

"The carrier gave no satisfactory explanation of the slow movement, made no showing of the character of handling of the cattle during the long delays at stations en route."

■■ In that case there was delay; in this case no issue of delay arose. In that case there was slow motion by the train; nothing of the kind was shown in this case. In that case no satisfactory account of the trip was given; in this case the evidence was positive of careful handling upon the part of the carrier. Within bounds, the jury can ignore the testimony of witnesses, but cannot arbitrarily shut their ears to plain uncontroverted evidence given by witnesses. We cannot subscribe to the doctrine that every witness for a corporation is presumed to be a liar and no heed given to his testimony. Every witness should be judged by his reputation for veracity, by his manner of testifying, and by the reasonableness of the story told. Appellees seem to be in doubt as to what the opinion decides, and we state that the judgment is reversed because the verdict disregarded the testimony and has no foundation in the statement of facts.

The motion for rehearing is overruled.