## RAILWAY EXPRESS AGENCY v. McCARRICK.

### No. 9287.

Court of Civil Appeals of Texas. San Antonio.

March 14, 1934.

John C. North and R. B. King, both of Corpus Christi, for appellant.

B. H. Kirk, of Robstown, for appellee.

MURRAY, Justice.

Appellee, James G. McCarrick, instituted this suit against appellant, Railway Express Agency, seeking to recover the sum of $1,035, alleged damage to a carload of radishes, shipped from Bishop, Nueces county, Tex., and consigned to L. D. Goldstein at Philadelphia, Pa.

Appellee alleged that the radishes were in good condition when delivered to appellant at Bishop and that they were in bad condition when delivered to consignee in Philadelphia, as a result of appellant's negligence in permitting the radishes to freeze in transit. Appellee further alleged that the damage was caused from defects in the refrigerator car furnished by appellant, which defects existed either at the time the car was furnished or developed in transit. That the market value of the radishes at the time they arrived in Philadelphia, except for the damaged condition, would have been $1,800, but that as a result of the damage to the radishes, which resulted from the negligence of appellant, the market value of the radishes when they arrived in Philadelphia was only $765, and that appellee was damaged in

the sum of $1,035, together with interest thereon.

The trial was to a jury, and upon the answers of the jury to the special issues propounded to them the trial court rendered judgment in appellee's favor and against appellant, in the sum of $1,236.37, from which judgment appellant brings this appeal.

■ Appellant's first proposition complains of the trial court's overruling its special exceptions directed to appellee's allegations of negligence with reference to the leaks in the doors of the refrigerator car. The exceptions complained of the allegations of negligence being vague and indefinite. The court did not err in overruling these exceptions. The car was in the possession of the express company, it was its property, and it was in a better position to know when and where and how the leaks occurred, if they did occur, than appellee.

■■ By its second assignment of error appellant complains of the trial court's refusal to strike out that part of appellee's petition wherein it was stated that appellant was bound to deliver the shipment in good and marketable condition. It is contended that this is equivalent to an allegation that the carrier is an insurer of perishable property. While it is true that a carrier is not an insurer of perishable freight,· the rule is well settled that where perishable property is delivered to a carrier in good condition and arrives at destination in bad condition, and where it has been transported by the carrier in refrigerator cars especially constructed and equipped for transporting such perishable property, a presumption arises that such damage is the result of the carrier's negligence. Missouri, Kansas & Tex. Ry. Co. v. McLean, 55 Tex. Civ. App. 130, 118 S. W. 161; 8 Tex. Jur. p. 396, § 269; American Ry. Express Co. v. H. Rouw Co. 185 Ark. 526, 48 S.W.(2d) 220; T. & N. O. R. .R. Co. v. East (Tex. Civ. App.) 57 S.W.(2d) 175; Mo. Pac. R. R. Co. v. S. L. Robinson & Co. (Ark.) 66 S.W.(2d) 1055; G., C. & S. F. Ry. Co. v. Morrow (Tex. Civ. App.) 66 S.W.(2d) 481; P. & S. F. Ry. Co. v. Andrews (Tex. Civ. App.) 278 S. W. 478; G., C. & S. F. Ry. Co. v. Belton Oil Co., 45 Tex. Civ. App. 44, 99 S. W. 430. The trial court did not err in overruling this special exception.

Assignments 3, 4, 5, 6, 7, 8, and 9 refer to the court's ruling on questions of evidence, and in view of the disposition we will make of this appeal, we refrain from discussing these matters.

■ By' its tenth and eleventh assignments appellant complains of the court submitting to the jury the question as to whether or not the car became defective in transit. We overrule these assignments. The evidence was undisputed that the car was defective when it arrived at its destination. This evidence would support a finding either that the car was defective when loaded or had become so in transit. Furthermore, the damage having been shown to have resulted from the leak in the door to the car, the burden shifted to the carrier to show that such damage was not the result of its negligence, and there are some cases going so far as to hold that the carrier will be excused only on a showing that the damage was caused by acts of God or a public enemy, or inherent defects in the commodities shipped. American Ry. Express Co. v. H. Rouw Co., 185 Ark. 526, 48 S.W.(2d) 220; 8 Tex. Jur. p. 398 § 269; Fentiman v. Atchison, etc., 44 Tex. Civ. App. 455, 98 S. W. 939.

■■ Appellant, by its twelfth and thirteenth assignments, complains that the evidence was insufficient to sustain the finding of the jury that this car of radishes was of the reasonable market value of $765 when it was received by consignee in its alleged damaged condition. We sustain this assignment. The only evidence of the market value of this car of radishes was given in the deposition of the witness Herman L. Goldstein. He attached to his deposition what purported to be an account sales of this car of radishes. It was dated January 18, 1930, while the evidence clearly shows that .the car was not received in Philadelphia until January 20, 1930. This account sales could not be correct or of any weight if it was made on the 18th, and we have no right to presume that it was made on any other day. It is further shown that some of these radishes were not removed from the car until January 28, 1930.

It was incumbent upon appellee to prove the market value of these radishes on January 20, 1930, the day they were received by consignee. There is no proof as to this fact. The witness Herman L. Goldstein did testify that the radishes were sold for the best price obtainable, but he does not say on which date, nor that the best obtainable price was the reasonable market price. Houston & T. C. Ry. Co. v. Lewis (Tex. Civ. App.) 185 S. W. 593; Gulf, C. & S. F. Ry. Co. v. Peacock, 60 Tex. Civ. App. 250, 128 S. W. 463; M., K. & T. Ry. Co. v. McLean, 55 Tex. Civ. App. 130, 118 S. W. 161.

In the absence of proof of the reasonable market value of the radishes on the day they arrived at the destination and in the damaged condition in which they did arrive, there is no way to properly determine the amount of appellee's damages. This will necessitate the reversing of this judgment. All other assignments of error are rendered immaterial.

The judgment will be reversed, and the cause remanded.