## TEXAS & N. O. R. CO. v. WILLIS.

### No. 2902.

Court of Civil Appeals of Texas. Beaumont.
April 30, 1936.

Duff & Cecil, of Beaumont, for appellant.

Jack M. Moore, of Beaumont, for appellee.

WALKER, Chief Justice.

This case originated in the justice court with appellee, B. H. Willis, as plaintiff, and appellant, Texas & New Orleans Railroad Company, as defendant; the appeal is from the judgment of the county court of Jefferson county at law, where the case was tried de novo as an appeal from the justice court.

Appellee alleged two grounds of recovery: First, that on or about the 23d day of August, 1927, he delivered to appellant at Crowley, La., 43 head of cattle for shipment to Beaumont, Tex.; that at Beaumont the cattle were reconsigned to Felicia, Tex.; that at Felicia, Tex., appellant delivered to him only 39 head of cattle. Second, that, if the 43 head of cattle were unloaded at Felicia, they escaped from appellant's stock pen through its negligence, and after diligent effort he was able to find only 39 head of his cattle; that, in searching for his cattle, he incurred a necessary expense item of $30. Appellee prayed for damages for the value of the lost cattle and for the expense incurred. Appellant answered only by general demurrer and general denial.

The jury found: First, that appellee delivered to appellant at Crowley, La., 43 head of cattle; that only 39 head were delivered to him by appellant at Felicia, Tex.; and that appellant failed to deliver him "four head of cattle at Felicia." Second, the jury acquitted appellant of negligence in the escape of the cattle from its stock pen.

The appeal is from the judgment of the lower court awarding appellee judgment against appellant on the verdict of the jury for $102.

### Opinion.

The findings of the jury that appellee delivered to appellant 43 head of cattle at Crowley, and that only 39 head were delivered to him by appellant at Felicia, and that appellant failed to deliver him "four head of cattle at Felicia," supports the judgment of the court. On that very point it was said by the Supreme Court of the United States in Galveston, H. & S. A. Ry. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 207, 56 L.Ed. 516: "Thus considered, when the holders of the bills of lading proved the goods had not been delivered to the consignee, the presumption arose that they had been lost by reason of the negligence of the carrier or its agents. The burden of proof that the loss resulted from some cause for which the initial carrier was not responsible in law or by contract was then cast upon the carrier. The plaintiffs were not obliged both to prove their case and to disprove the existence of a defense. The carrier and its agents, having received possession of the goods, were charged with the duty of delivering them, or explaining why that had not been done. This must be so, because carriers not only have better means, but often the only means of making such proof. If the failure to deliver was due to the act of God, the public enemy, or some cause against which it might lawfully contract, it was for the carrier to bring itself within such exception. In the absence of such proof, the plaintiffs were entitled to recover, and the judgment is affirmed." See, also, Panhandle & S. F. Ry. Co. v. Andrews (Tex.Civ.App.) 278 S.W. 478; Railway Express Agency v. McCarrick (Tex.Civ.

App.) 69 S.W.(2d) 803; Ft. Worth & Denver City Ry. Co. v. Motley (Tex.Civ.App.) 87 S.W.(2d) 551.

The authorities satisfactorily support appellant's proposition that, where specific acts of negligence are alleged in an action to recover damages against a common carrier for failure to deliver a shipment of goods delivered to it for transportation, "failure to prove the allegations is a failure to establish a case of negligence." Myers v. Texas Land & Development Co. (Tex. Civ.App.) 282 S.W. 919, 920; Lancaster v. Daggett (Tex.Civ.App.) 272 S.W. 340; Gulf, C. & S. F. Ry. Co. v. Pryor (Tex.Civ. App.) 238 S.W. 1040. But in this case that proposition controls only appellee's cause of action for negligence in the escape of his cattle from the stock pen. It has nothing to do with the proposition that appellee delivered to appellant at Crowley, La., 43 head of cattle and received from appellant at Felicia only 39 head.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.