### TEXAS MEXICAN RY. CO. v. SLAUGHTER.

#### No. 10397.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 14, 1938.

J. D. Dodson, of San Antonio, and James M. Williamson and Elmore H. Borchers, both of Laredo, for appellant.

Williams & Williams, of San Antonio, for appellee.

MURRAY, Justice.

Appellee, David M. Slaughter, instituted this suit against The Texas Mexican Railway Company, as initial carrier, for damages to a carload of tomatoes, consisting of 650 lugs, which was shipped from Laredo, Texas, on December 16, 1934, over the lines of the appellant and its connecting carriers, to Baltimore, Maryland, final destination. The tomatoes arrived at destination without delay and were delivered on December 28th, 1934, in a damaged condition.

The trial was to the court without the intervention of a jury and resulted in judgment for appellee in the sum of $972.64; from which judgment the Railway Company has prosecuted this appeal.

The trial judge made and filed the following findings of fact:

"1. That the reasonable market value of the tomatoes at Baltimore on December 28, 1934, if they had arrived there in undamaged condition, was $1,241.25.

"2. That the tomatoes, in the condition they were delivered to the consignee at destination, were unfit for the market upon the date of delivery and were not salable in the market of that date. And they had no reasonable market value.

"3. That the best price obtainable for the shipment of tomatoes at Baltimore following its arrival there and in the condition in which it was delivered by the carriers to the consignee, was the total sum of $415.35. And plaintiff minimized his damages by salvage and sale for that amount.

"4. That the inherent nature of the tomatoes shipped, combined with the length of time they were held at Detroit, was not the sole proximate cause of their condition existing at Baltimore on December 28, 1934.

"5. That the condition of the tomatoes existing at Baltimore on December 28, 1934, did not proximately result from the inherent nature of the tomatoes shipped, combined with the length of time they were held at Detroit, or from either of these alleged causes.

"6. That the carriers transporting the tomatoes could, by the use of ordinary care, have transported the tomatoes on the dates and over the route and period of time they were in fact moved, from South Laredo to Baltimore, without the damage which existed in this shipment at the time of its arrival at Baltimore.

"7. That some carrier or carriers transporting the tomatoes failed to use ordinary care in handling and movement of this shipment, and that such failure was a proximate cause of the damaged condition of the tomatoes when delivered to the consignee at Baltimore.

"8. That no amount of loss of or injury to the market value of the tomatoes at Baltimore on December 28, 1934, was proximately caused solely by the inherent nature of the tomatoes combined with the length of stoppage of the same at Detroit or by either of said causes.

"9. That the acts of the plaintiff in reconsigning this shipment from Detroit to Baltimore and in confining the tomatoes in the lugs and car for the twelve days consumed before delivery at destination, were not negligence, and that neither of said acts was negligence."

■■ Appellant's first complaint is that the evidence is not sufficient to support the finding of the trial judge, "that the tomatoes, in the condition they were delivered to the consignee at destination, were unfit for the market upon the date of delivery and were not salable in the market of that date, and they had no reasonable market value." We overrule this contention. It is true that the following question was asked:

"Interrogatory No. 7. State, yes or no, whether there was a demand and market at Baltimore on December 28, 1934, for sale of this entire lot of 650 lugs of tomatoes in the condition they were in when delivered to your company and in one day. A. There was not."

Appellant takes the position that the question was so restricted to the entire lot of 650 lugs of tomatoes as not to inquire as to whether there may have been a market for a part of the tomatoes on the day of delivery. However, this witness who was an expert on market value of tomatoes in Baltimore testified that the tomatoes were sold as soon as possible for the best price obtainable. This with other testimony in the record supports the finding of the trial judge. The fact that the tomatoes were later salvaged and sold for $415.35, which was the best price obtainable, in no way contradicts the fact that there was no market value of the tomatoes on the date they were delivered to the consignee. Houston, E. & W. T. Ry. Co. v. Brackin, Tex.Civ.App., 191 S. W. 804.

■ Where perishable goods arrive at destination in a damaged condition and it is shown that there is no market value for such commodities on the first day they are available for the market and that they are thereafter salvaged and sold as soon as possible, for the best price obtainable in order to minimize damages, the measure of the shipper's damage is the difference between what the market value of the commodities would have been on the date they arrived at destination if they had not been damaged, and the price for which the goods · are sold. At least where this measure is used it will not be disturbed unless the carrier is able to show that he has been injured as a result. of using this measure of damages. Houston, E. & W. T. Ry. Co. v. Brackin, supra, Gulf, C. & S. F. Ry. Co. v. Texas Packing Co., 244. U.S. 31, 37 S.Ct. 487, 61 L.Ed. 970, 973.

Appellant seems to rely very strongly upon the case of Railway Express Agency v. McCarrick, Tex.Civ.App., 69 S.W.2d 803. We think this case is easily distinguishable from the case at bar in that in the McCarrick Case there was no proof that there was no market value for the radishes on the day they arrived at destination and that they were thereafter sold as soon as possible for the best price obtainable.

■ Appellant complains because the trial court permitted in evidence the account of sales of Stevens Brothers over appellant's objection that such account was vague, indefinite and incomplete, because such exhibit on its face fails to show the names of the alleged purchasers of appellee's tomatoes in Baltimore, Maryland, and fails to specify the dates when such sales were made, neither does such purported account bear any date whatsoever. We think there was no error in admitting the account of sales in evidence. It was testified by deposition that the account would show the best price obtainable for the tomatoes and the account attached to the deposition. Appellee stated he wished to introduce the account for the limited purpose of showing what this price was. The trial was before the court without a jury and it will not be presumed that the court considered the account for any other than the limited purpose for which it was offered in evidence.

The judgment is affirmed.