**SUGAR, Plaintiff-Appellee, v NATIONAL TRANSIT CORP., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4035. Decided February 13, 1948.

McGhee, Rowe & Evans, Columbus, for plaintiff-appellee.
Vernon L. Stouffer, Columbus, Albert M. Calland, Columbus, for defendant-appellant.

## OPINION

By WISEMAN, P. J.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio, affirming a judgment for the plaintiff rendered by the Municipal Court of Columbus in the sum of $424.35 as damages sustained by the plaintiff as the result of a shipment of frozen blueberries from Detroit, Michigan, to Columbus, Ohio, by motor truck operated by the defendant company.

Plaintiff alleged that defendant was negligent "in that it did not speedily deliver said blueberries after being notified they were perishable"; and "in using defective or improper equipment and refrigeration after being so notified"; and that upon delivery in Columbus the blueberries were in a damaged and deteriorated condition due to said delay, defective or improper equipment and refrigeration.

Defendant in its answer admitted being a common carrier; that it transported said blueberries and was paid the regular authorized scheduled rates for transportation of said blueberries; that said shipment was received under the terms of a Uniform Bill of Lading which provided that the shipment was "received subject to the Classification and Tariffs in effect on the date of the issue of this Bill of Lading"; that the plaintiff was required to give defendant advance notice if refrigeration service was necessary and that no advance notice was given.

The defendant-appellant has filed eleven separate assignments of error, the substance of which is that the Court erred as follows: in finding that the defendant was negligent in failing to provide refrigeration service; in finding that the plaintiff requested refrigeration service; in not finding that the plaintiff's damage was caused by the acts and default of the shipper; in finding that the defendant was an insurer of perishables; in failing to consider the terms and provisions contained in the tariffs and classifications in the Bill of Lading; in permitting the plaintiff to plead one theory of action and present evidence and recover upon another theory of action without amending the petition; that the judgment was against the manifest weight of the evidence and contrary to law; in not sustaining the defendant's motion for a directed verdict; and error in finding that the plaintiff was damaged in the amount awarded.

The evidence is undisputed that the blueberries were in a good condition when received in Detroit, and that they were thawed and damaged to such an extent that juice was running from the cartons when delivered in Columbus; that in consequence the blueberries were of less value.

On the question as to whether the defendant delayed delivery the evidence shows, that the blueberries were received by the defendant in Detroit on April 21, 1944, at 11:30 P. M.; that the shipment was transported 190 miles and delivered in Columbus, Ohio, on April 22, 1944, at 10:00 A. M., the period of time being the normal and regular schedule. The plaintiff claims the defendant received the shipment on April 20th instead of April 21st but the evidence does not support this contention.

The plaintiff charges negligence in that the defendant used defective or improper equipment and refrigeration. The undisputed evidence in the case shows that the damage was caused by failure to ice the blueberries. On this issue the defendant contends that under the Bill of Lading the shipment was "received, subject to the Classification and Tariffs in effect on the date of the issue of the Bill of Lading". Under the classification on file (Exception to Rule 23, Sec. 2 of the National Motor Freight Classification) "whenever heater or refrigerator service is necessary for the proper protection of shipment, consignor or owner shall notify carrier in advance of shipment". The defendant contends it was not so notified. Mr. Lamont, the agent who negotiated the sale of blueberries, testified that he called the defendant's office in Columbus by telephone, stated the nature of the shipment and the service required, whereupon the agent of the defendant informed

him that "they didn't have a refrigerator truck but they did use ice—dry ice". He also testified that thereupon he "instructed them to go ahead and notify the Detroit office of the defendant company to pick up the berries". There was sufficient evidence presented on this issue to support the conclusion of the trial court that the required advance notice had been given.

Mr. Evans, the President of the defendant company, testified that the shipment was charged the first class rate for frozen merchandise which is the same rate charged if refrigerator service was furnished. In explaining the classification under which this shipment was received he testified that where merchandise is not packed in accordance with the classification provisions it will be charged a rate "one class higher". The defendant contends that the shipment was not properly iced when received. However, it was not so classified by the defendant company when the shipment was received in Detroit. Mr. Evans when questioned on this point stated that an oversight had been made in the billing. A finding that the shipment was properly packed when received would be justified.

Mr. Evans in testifying relative to the type of motor truck used to transport the shipment stated "the particular piece of equipment can open at the top—a semi-trailer using a tarpaulin cover". In the Bill of Lading the shipment is said to consist of: "200 ctns. Frozen Blueberries. Rush—Perishable —Do not Delay". Regardless of the information given the defendant as to the character of the shipment by the advance notice as well as the statements made in the Bill of Lading, it is admitted by the defendant that no attempt was made to ice the shipment. Mr. Evans testified that although the defendant had no refrigerator equipment it did transport frozen merchandise by the use of its normal equipment; that the shipper was expected to furnish dry ice.

Since the shipment was carried by an interstate carrier, the rights and liabilities of the parties are governed by federal statutes and decisions. **Wilson v Penn. Rd. Co. 135 Oh St 560, 563.** See Title 49 U. S. C. A. Section 20 (11).

The evidence in this case shows conclusively that when received the merchandise was in good condition and when delivered it was in a damaged condition. Under this state of facts the law presumes the damage was caused by the negligence of the carrier. American Railway Express Co. v Rouw Co. 48 S. W. (2d) 220; C. & O. Ry. Co. v Thompson Mfg. Co. 270 U. S. 416. This same general proposition of law has been followed by our Supreme Court in Wilson v Penn. Rd. Co., supra, and **Grosjean v Penn. Rd. Co. 146 Oh St 643.** See also 13 C. J. S. 546. To rebut the prima facie case it was

incumbent on the defendant to produce evidence that the damage was not the result of its negligence or a breach of contractual duty in connection with the carriage. It is sufficient if the evidence offered for that purpose counterbalances the evidence by which the prima facie case is made out. Grosjean v Penn. Rd. Co., supra. In the instant case, the lower court found, and we think properly so, that the evidence offered by the defendant did not counterbalance the prima facie case made by the plaintiff.

The defendant contends that the plaintiff cannot recover on the common law theory since it charged the defendant with specific acts of negligence. The evidence adduced supports one charge of negligence and also a prima facie case under the common law. While the law is not well settled in Ohio we are of the opinion that in alleging acts of negligence the plaintiff did not abandon the insurer theory of the common law. In Wilson v Penn. Rd. Co., supra, our own Supreme Court on page 564 held:

"The defendant also contends that the petition sets forth specific allegations of negligence on its part and therefore plaintiff cannot avail himself of the presumption that otherwise would arise. It has been held that such allegations are surplusage in a cause of action of the nature involved in the case at bar." (Cases cited.)

The defendant contends that to require it to ice the shipment would require the carrier to render "an undue preference and advantage not generally accorded to other members of the shipping public". The undisputed testimony is that defendant had no refrigerator service but it did transport frozen merchandise by using its normal equipment. As pointed out above the defendant admits it made a mistake in classifying the shipment. Under the facts in this case the defendant was required to take the necessary precautions to protect the merchandise in order to deliver it in good order at its destination. Its failure to do so renders it liable for the damage caused as a consequence of its neglect.

The Court is of the opinion that none of the assignments of error are supported in fact or law. Judgment affirmed.

MILLER and HORNBECK, JJ., concur.