THE ELDER & JOHNSTON CO., APPELLANT, *v.* COMMERCIAL MOTOR FREIGHT, INC., OF INDIANA, APPELLEE.

(No. 2230—Decided April 2, 1953.)

*Messrs. Marshall & Smith,* for appellant.
*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. H. Thomas Haacke, Jr.,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Municipal Court of Dayton for defendant in an action for damages growing out of a shipment of mirrors which were found to be broken when the crates were opened in plaintiff's place of business.

The trial court found that negligence of the defendant had not been proven. We give due recognition to the well established rule that where a shipper offers proof that the goods were delivered to the carrier in good condition, and that the carrier delivered the goods to the consignee in a damaged condition, a prima facie case of negligence is raised against the carrier and the burden is upon the carrier to rebut the prima facie case by producing evidence that such damage was not due to its negligence. *Grosjean* v. *Pennsylvania Rd. Co.,* 146 Ohio St., 643, 67 N. E. (2d), 623; *Sugar* v. *National Transit Corp.,* 82 Ohio App., 439, 81 N. E. (2d), 609; 6 Ohio Jurisprudence, 868, Section 231. The plaintiff rested its right to recover on the pleadings and the evidence on the principle of law just stated.

In the case at bar three questions of fact are presented:

Were the mirrors in good condition and properly packed when delivered to the carrier at the place of shipment? Were the mirrors damaged when delivered to consignee?

The trial court found generally against the plaintiff. The evidence would warrant a finding that the shipper delivered the mirrors to the carrier in good condition, although by the evidence produced a question was raised as to improper packing by the shipper. The defendant would not be liable for any fault of the shipper in improper packing. However, we are reluctant to rest the case on this issue, because of the unsatisfactory state of the record.

Were the mirrors damaged when delivered to the consignee?

The defendant, a trucking company, transported the mirrors from Louisville, Kentucky, to plaintiff's store in Dayton, Ohio, where the crates containing the mirrors were unloaded from the truck onto a loading platform on the first floor of plaintiff's store. The three crates, which in the aggregate weighed 1,215 pounds, were then put on skids, placed on the elevator and taken to the third floor of the store, where the crates were removed from the elevator and placed on the floor to be opened. A hammer was used to pry open the crates, which had been nailed. There were no marks on the outside of the crates showing damage or indicating mishandling. There is not a scintilla of evidence showing the care exercised by the plaintiff's employees in handling the crates from the time they were taken from the truck until they were opened on the third floor. Before the presumption of negligence rule could have application it would have been necessary to rule out the possibility of damage to the crates after they were removed from the truck. This was not done. Under the facts in this case a presumption of negligence on the part of the carrier did not arise, and, therefore, the plaintiff was unable to fix liability on the carrier in the absence of facts showing its negligence.

As we find no error in the record prejudicial to the rights of the plaintiff, the judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.